**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALECK SIMONIA,
             *Plaintiff-Appellant,*

             v.

GLENDALE NISSAN/INFINITI
DISABILITY PLAN, an ERISA plan;
THE HARTFORD INSURANCE
COMPANY, a corporation,
             *Defendants-Appellees.*

No. 09-56025

D.C. No.
2:07-cv-08090-VBK

OPINION

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Submitted June 17, 2010*
Pasadena, California

Filed June 24, 2010

Before: Diarmuid F. O'Scannlain and Richard C. Tallman,
Circuit Judges, and Joan Humphrey Lefkow,
District Judge.**

Opinion by Judge Tallman

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Joan Humphrey Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

---

**COUNSEL**

Charles Fleishman, Esq., and Paul Fleishman, Esq., The Fleishman Law Firm, Northridge, California, for plaintiff-appellant Aleck Simonia.

Daniel W. Maguire, Esq., Burke, Williams & Sorensen, Los Angeles, California, for defendants-appellees Glendale Nissan/Infiniti Disability Plan and the Hartford Insurance Company.

---

**OPINION**

TALLMAN, Circuit Judge:

Plaintiff-Appellant Aleck Simonia appeals the district court's denial of his motion for attorney's fees under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1132(g). We affirmed the district court's grant of summary judgment in favor of his former employer's health care plan in *Simonia v. Glendale Nissan/Infiniti Disability Plan*, No. 09-55569, 2010 WL 1896455 (9th Cir. May 12, 2010). We stayed consideration of his attorney's fee appeal pending the Supreme Court's disposition of *Hardt v. Reliance Standard Life Insurance Co.*, ___ S. Ct. ___, No. 09-448, 2010 WL 2025127, at *3 (May 24, 2010). District courts must now determine whether an ERISA fee claimant has achieved "some degree of success on the merits" before awarding fees under § 1132(g). *Id.* But the Supreme Court expressly declined to foreclose the possibility that, once a court has determined that a litigant has achieved some

degree of success on the merits, it may then evaluate the traditional five factors under *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), before exercising its discretion to grant fees. *See Hardt*, ___ S. Ct. ___, 2010 WL 2025127, at *9 n.8.

Because we continue to believe that "district courts should have guidelines to apply in the exercise of their discretion under § 1132(g)," *Hummell*, 634 F.2d at 453, we hold that district courts must consider the *Hummell* factors after they have determined that a litigant has achieved "some degree of success on the merits," *Hardt*, ___ S. Ct. ___, 2010 WL 2025127, at *3. Even assuming Simonia achieved some degree of success on the merits, we agree with the district court's conclusion that fees are nonetheless inappropriate after applying the *Hummell* factors. We therefore affirm the denial of fees to Simonia.

# I

Simonia became physically disabled on April 8, 2003, as the result of a herniated lumbar disc. On that date, Simonia possessed disability insurance under his employer's ERISA plan, which was insured by the Continental Casualty Company ("Continental"). Shortly thereafter, Continental began paying Simonia disability insurance benefits. On November 30, 2003, the Hartford Insurance Company ("Hartford") bought Simonia's policy from Continental and began paying Simonia's benefits.

On April 19, 2007, Hartford determined that Simonia was no longer disabled due to a physical disability but was instead disabled based on a mental disorder subject to his ERISA plan's twelve-month payment limit. On April 27, 2007, Hartford was informed that Simonia had been awarded $1,551 per month in Social Security Disability Insurance ("SSDI") benefits retroactively, effective October 1, 2004, which—when combined with other forms of income—allegedly should have

been offset to some extent against his payments from Hartford. Hartford retroactively recalculated Simonia's benefits and determined that Simonia had allegedly been overpaid by $22,309.51.

On May 18, 2007, Hartford informed Simonia that (1) he would no longer be receiving payments for a physical disability, but rather for a mental disability subject to the plan's twelve-month mental disorder limitation, and (2) he had been overpaid by $22,309.51 and would not be receiving any further benefits until Hartford received a personal check or money order in that amount.

## II

Simonia filed his declaratory judgment lawsuit on December 12, 2007, challenging Hartford's classification of his disability as a mental disorder subject to the plan's twelve-month payment limit. Hartford counterclaimed for $8,589—the amount Simonia had allegedly been overpaid based on his retroactive SSDI benefits less the amount recouped by withholding twelve months' worth of Simonia's mental disorder payments.

On October 16, 2008, Simonia informed Hartford that the Social Security Administration had retroactively reduced his SSDI award, and he requested that Hartford recalculate the alleged overpayment. On December 5, 2008, the parties settled the counterclaim and stipulated to its dismissal. Simonia did not prevail in his claims against Hartford for continuing benefits. Simonia thereafter filed a motion seeking $63,745 in attorney's fees because he "was successful as a counter-defendant in that the defendant dismissed its counterclaim."

The district court, applying the five factors in *Hummell*, 634 F.2d at 453, denied the motion for fees. Simonia timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

### III

**[1]** In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In *Hardt*, the Supreme Court held that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." ___ S. Ct. ___, 2010 WL 2025127, at * 7. Instead, the Court reasoned that *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983), governs, and that "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt*, ___ S. Ct. ___, 2010 WL 2025127, at *9 (quoting *Ruckelshaus*, 463 U.S. at 694).

**[2]** The Court noted that a claimant does not satisfy that requirement by achieving a " 'trivial success on the merits' or a 'purely procedural victor[y].' " *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688 n.9) (alteration in original). However, a claimant can satisfy that requirement if "the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* (alteration in original) (citation and internal quotation marks omitted).

**[3]** Only after passing through the "some degree of success on the merits" door is a claimant entitled to the district court's discretionary grant of fees under § 1132(g)(1). In *Hardt*, the Supreme Court said, "We do not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the [Fourth Circuit] Court of Appeals . . . in deciding whether to award attorney's fees." ___ S. Ct. ___, 2010 WL 2025127, at *9 n.8. In the Ninth Circuit, the discretionary decision to award fees has traditionally been governed by the five factors set forth in *Hum-*

*mell*, 634 F.2d at 453, which mirror the Fourth Circuit's factors in *Hardt*. Those factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* We conclude, as we did in *Hummell*, that these factors provide a helpful guideline to both district courts and litigants. We therefore hold that after determining a litigant has achieved some degree of success on the merits, district courts must still consider the *Hummell* factors before exercising their discretion to award fees under § 1132(g)(1).

## IV

We review for an abuse of discretion the district court's decision on a motion for attorney's fees. *See Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1235 (9th Cir. 2000). The district court denied Simonia's motion for fees before the Supreme Court issued its opinion in *Hardt*. As a result, the district court proceeded to the *Hummell* analysis without deciding whether or not Simonia had achieved some degree of success on the merits. We will therefore assume, without deciding, that Simonia has satisfied this requirement.[1]

---

[1]In light of the Supreme Court's admonition that a " 'trivial success on the merits' or a 'purely procedural victor[y]' " will not qualify as "some degree of success on the merits," we emphasize that we assume *without deciding* that Hartford's voluntary dismissal of its counterclaim qualifies as some degree of success on the merits for Simonia. *Hardt*, ___ S. Ct. ___, 2010 WL 2025127, at *9 (quoting *Ruckelshaus*, 463 U.S. at 688 n.9) (alteration in original).

However, we must conclude that the district court's application of the *Hummell* factors certainly reveals no abuse of discretion.

[4] First, there is no "culpability" or "bad faith" evidenced by Hartford's actions. Simonia began receiving retroactive SSDI benefits in 2006. Under Simonia's policy, these benefits —when combined with certain forms of income—offset his award from Hartford. At the time Hartford filed its counterclaim, it had a good faith belief that Simonia had been overpaid by $22,309.51, and that the deduction of Simonia's remaining mental disorder benefits would result in a balance due of $8,589. Hartford was then informed that Simonia's SSDI benefits had been retroactively reduced. Hartford thereafter stipulated to a dismissal of the counterclaim. These actions evidence good faith.

[5] Second, Hartford undoubtedly has the ability to satisfy an award of fees. However, no single *Hummell* factor is necessarily decisive. *See Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). Third, given Hartford's good faith actions, we do not wish to deter others from acting in the same manner. Fourth, in seeking to settle the counterclaim following the Social Security Administration's retroactive reduction in benefits, Simonia did not seek "to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." *Hummell*, 634 F.2d at 453. Instead, as the district court found, Simonia sought to benefit only himself. Finally, the district court correctly noted that the counterclaim was meritorious when it was filed. When the Social Security Administration's adjustment allegedly deprived the counterclaim of merit, Hartford settled and voluntarily dismissed. The district court did not exceed the permissible bounds of its discretion in determining that the *Hummell* factors weigh against an award of attorney's fees.

Even assuming that, as Simonia argues, Hartford mistakenly calculated the amount of overpayment and the coun-

terclaim was of questionable merit when filed, there is no evidence in the record to indicate that Hartford acted in bad faith. On the contrary, Hartford's subsequent voluntary dismissal is indicative of its good faith in this matter. Simonia's claim would therefore still fail after considering all of the factors.

## V

In order to grant fees under 29 U.S.C. § 1132(g)(1), courts must first determine whether a litigant has achieved some degree of success on the merits. If so, courts must then determine whether the *Hummell* factors weigh in favor of awarding that litigant attorney's fees. Only if both of these conditions are met may a district court award fees. On this record, we conclude that the district court did not abuse its discretion in denying Simonia's motion for his attorney's fees.

**AFFIRMED.**