

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELINA BRYANT, | No. 11-57249 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09560-RGK-RZ |
| v. | |
| CIGNA HEALTHCARE OF CALIFORNIA, INC. and SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST, | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| SELINA BRYANT, | No. 12-55053 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-09560-RGK-RZ |
| v. | |
| CIGNA HEALTHCARE OF CALIFORNIA, INC. and SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST, | |
| Defendants - Appellants. | |

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District Judge.[**]

Selina Bryant appeals from the district court's order granting summary judgment to appellees Connecticut General Life Insurance Company and Southwest Carpenters Health & Welfare Trust ("CGLIC"). CGLIC cross-appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's judgment, but vacate and remand for reconsideration of its order on the parties' motions for attorney's fees.

The trial court did not err when it decided which benefits plan is the operative one for Bryant's claim, and the relevant plan language is clear: "all or any part of [the benefits] may be paid directly to the person or institution on whose charge [the] claim is based." Bryant was not harmed as a result of CGLIC negotiating a reduced payment to Bryant's medical provider; it is undisputed that CGLIC's payment extinguished Bryant's obligation to the hospital. Nor is there

_____

[**]    The Honorable Brian M. Cogan, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

any indication that Bryant acted, or failed to act, to her detriment in reliance upon other versions of the plan she received from CGLIC. *See Black's Law Dictionary* 1404 (9th ed. 2009) (defining "reliance" and "detrimental reliance"). Bryant may have been harmed by *the delay* in processing her claim, but that does not entitle her to double recovery of the benefits due to her under the plan.

Bryant only needed to demonstrate "some degree of success on the merits" in order to be awarded attorney's fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 130 S. Ct. 2149, 2158–59 (2010). As the district court impliedly recognized, if CGLIC received a claim from Bryant prior to her initiation of this litigation but paid up only under the cloud of litigation, then Bryant likely "sustained some degree of success" on the merits. For purposes of deciding whether a claim was submitted to CGLIC, it appears the district court confined its review to CGLIC's file because it determined that any procedural irregularities on CGLIC's part did not amount to a failure to exercise discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc). But a court "may take additional evidence when [procedural] irregularities have prevented full development of the administrative record." *Id.* at 973. Here, it is evident that CGLIC's record is not a complete record of the communication it had with the hospital and Bryant, concerning Bryant's claim for benefits. On remand, the

3

district court shall consider the extrinsic evidence Bryant offered from the hospital record to determine whether a claim was presented to CGLIC for services Bryant received after the subject accident.

If the court finds that CGLIC received a claim prior to the initiation of this action, the court should then apply the factors outlined in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), to decide whether and to what extent attorney's fees should be awarded. *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). When considering Bryant's fee request, the district court may consider whether any failure or delay in presenting a pre-litigation claim to CGLIC warrants a reduction in fees.

Finally, we note that CGLIC also moved for fees in the district court but we cannot find a ruling on its motion. On remand, the district court shall also rule upon CGLIC's request for fees.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

**Each party shall bear its own costs on appeal.**