**NOT FOR PUBLICATION**

**FILED**

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL WOOLSEY, | No.   20-16885 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00578-SMB |
| v. | |
| AETNA LIFE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| UBS FINANCIAL SERVICES, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted March 7, 2022
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Michael Woolsey appeals the district court's order denying his motion for

attorneys' fees under the Employee Retirement Income Security Act (ERISA),

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

following a remand on his claim for benefits to Aetna. We have jurisdiction under 28 U.S.C. § 1291. We review an award of fees for abuse of discretion, but "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo." *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1057 (9th Cir. 2017) (citation omitted). A district court errs if it "misperceives or misapplies the law governing fee awards." *Coal. for Clean Air v. S. California Edison Co.*, 971 F.2d 219, 229 (9th Cir. 1992). Because the district court's remand order, on this record, constitutes "some success on the merits," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 256 (2010), we reverse and remand for further proceedings.

**1.** ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). To be eligible for such an award, a claimant must show "some success on the merits." *Hardt*, 560 U.S. at 256. A "trivial success" or "purely procedural" victory is not enough, but courts should neither conduct a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id.* at 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)).

In ruling on Woolsey's motion for summary judgment and motion to supplement the record, the district court rejected a number of Woolsey's arguments

2

but also concluded that Aetna erred in several critical respects. The district court determined that a remand was warranted because Aetna (1) failed to assess the aggregate effect of Woolsey's medical conditions; (2) gave dismissive treatment to reports from his treating specialists; (3) failed to address specific vocational requirements as required by the plan; (4) failed to inform Woolsey of a deficiency in the record and to consider those missing records; (5) failed to disclose independent reviewers' reports; (6) failed to adequately explain what was necessary to correct the record; and (7) failed to adequately investigate his physicians' reports. While the procedural errors and deficiencies did not warrant de novo review, the district court concluded that their cumulative effect prevented a full development of the record and a "full and fair review." *See* 29 U.S.C. § 1133(2).

As a result, the district court remanded the claim to Aetna to correct its procedural deficiencies, including allowing Woolsey to supplement the record with psychological or functional testing. The court also ordered Aetna to consider Woolsey's Social Security Administration disability award even though it was awarded after Aetna's initial review.

**2.** Upon review of Woolsey's motion for attorneys' fees, the district court erred in its application of the *Hardt* standard. In concluding that Woolsey's success was insufficient because he did not prevail on his central claims, the

district court failed to heed the Supreme Court's admonition to avoid a "lengthy inquiry" into "whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus*, 463 U.S.at 688, 688 n.9). Further, to constitute "some success on the merits," *id.* at 256, the standard does not require a remand order to provide an assessment of the plaintiff's ultimate eligibility for benefits. To be sure, the Supreme Court declined to determine what relief would constitute the minimum success, as Hardt had "achieved far more." *Id.* The Court, however, did not suggest that "some success" was limited to the circumstances of the remand order in *Hardt*. Rather, the Court's characterization of the remand as "far more" than a trivial or purely procedural success, and its decision not to set that remand as the minimum threshold, *see id.*, makes clear that less favorable relief can also meet that standard.

**3.** Nor was the remand order a "purely procedural victory," *id.*, as the district court characterized it. A remand for further administrative proceedings, even without a positive signal on the plaintiff's eligibility for benefits or a subsequent award of benefits, can constitute some success "on the merits" under *Hardt*. What is critical in this context is that the court determined the administrative process was significantly deficient, and that the plaintiff obtained a renewed opportunity to secure benefits. Notably, the Supreme Court did not limit its discussion of Hardt's case to the district court's assessment of her claim or the administrator's award of

4

benefits. *See id.* at 255-56. The Court further emphasized how the district court found the administrator failed to comply with ERISA, found that Hardt did not get the review she was entitled, and ordered the administrator to provide Hardt the "statutorily mandated" review of her claim. *Id.*

The district court's remand order followed a substantive review of Woolsey's claims. The court ultimately concluded that Aetna failed to comply with ERISA and failed to provide Woolsey the administrative process to which he was entitled. The court therefore provided him with a renewed opportunity to obtain benefits on a supplemented record. Moreover, because the record was not fully developed (as the district court so concluded), the court was in no position to assess the merits of Woolsey's claim for benefits. *Cf. Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) (en banc) (explaining that the court cannot assess the effect of a failure to provide a "full and fair review" without additional evidence). Finally, the fact that Woolsey's complaint did not expressly seek a remand is also of no consequence. Woolsey alleged the relevant ERISA violations and sought a remand in the alternative as part of his summary judgment motion.

We do not, and need not, hold that any "remand order, without more" is sufficient for an award of attorneys' fees under ERISA. *Hardt*, 560 U.S. at 256. For the above reasons, the district court's remand order constitutes "some success

5

on the merits." *Id.* On remand, the district court should apply the *Hummell* factors to determine if an award of fees is warranted. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010).

**REVERSED AND REMANDED.**