NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW DESHARNAIS,<br><br>         Plaintiff-Appellant,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>         Defendant-Appellee. | No.   22-15336<br><br>D.C. No. 5:19-cv-06599-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted December 5, 2022
San Francisco, California

Before:  LUCERO,[**] BRESS, and VANDYKE, Circuit Judges.

Matthew Desharnais appeals the district court's denial of his motion for attorney's fees under 29 U.S.C. § 1132(g)(1).  A denial of an award of attorney's fees in an ERISA action is reviewed for abuse of discretion, *Hummell v. S. E. Rykoff*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

*& Co.*, 634 F.2d 446, 452 (9th Cir. 1980), but "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo," *Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1057 (9th Cir. 2017) (citation and emphasis omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To receive attorney's fees in an ERISA action, a fees claimant must have achieved "some success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Once a claimant has cleared this hurdle, the court must next consider the *Hummell* factors before awarding attorney's fees. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors include:

> (1) the degree of the opposing part[y's] culpability or bad faith; (2) the ability of the opposing part[y] to satisfy an award of fees; (3) whether an award of fees against the opposing part[y] would deter others from acting under similar circumstances; (4) whether the part[y] requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. The second *Hummell* factor has the greatest weight of all the factors, but "[n]o one of the *Hummell* factors … is necessarily decisive, and some may not be pertinent in a given case." *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

2

Desharnais argues that the district court erred by concluding he did not achieve "some success on the merits" under the "catalyst theory" and that the district court abused its discretion when it concluded, in the alternative, that the *Hummell* factors weighed against awarding Desharnais attorney's fees. Assuming without deciding that Desharnais achieved "some success on the merits," we affirm the district court because it did not abuse its discretion when it declined to award attorney's fees after weighing the *Hummell* factors.

Unum does have the ability to pay a fees award. But the record does not support that Unum acted in bad faith or engaged in culpable conduct or that an award of fees would deter others from acting similarly; the district court did not abuse its discretion in concluding that these factors did not favor Desharnais when, due to the parties' efforts to resolve this matter administratively, the district court did not have the opportunity to consider the merits of Desharnais's position. Desharnais does not represent a class of claimants and his claims would not have required the district court to resolve a significant legal question regarding ERISA. And even though Desharnais received reinstatement of his disability benefits, it is not clear that the merits of his position were stronger than Unum's, considering that the district court did not have the opportunity to engage with this case on the merits. The district court thus reasonably determined that only one factor favors a fee award and that the other factors are either neutral or weigh against awarding attorney's fees.

Because the record does not leave us with "a definite conviction that the [district] court made a clear error of judgment in its conclusion," *Hummell*, 634 F.2d at 452, we affirm its decision to deny Desharnais's motion for attorney's fees.

**AFFIRMED.**