NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ALVES, | No. 22-55621 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-09136-RGK-JEM |
| v. | |
| HEWLETT-PACKARD COMPREHENSIVE WELFARE BENEFITS PLAN, an ERISA plan; HEWLETT PACKARD ENTERPRISE COMPANY, a corporation, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, 1 through 10, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 12, 2023**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

Michael Alves appeals the district court's order denying his motion for attorney's fees under the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829. *See* 29 U.S.C. § 1132(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion when it weighed the five factors in *Hummell v. S.E. Rykoff & Co.* and declined to award fees. 634 F.2d 446, 453 (9th Cir. 1980). First, the plan administrator initially misinterpreted a provision of Hewlett-Packard's plan, but that error does not necessarily imply bad faith. *See Hope v. International Bhd. of Elec. Workers*, 785 F.2d 826, 831 (9th Cir. 1986). Nor does Alves cite other evidence clearly demonstrating that the misinterpretation was intentional. Second, Hewlett-Packard's ability to pay weighs in favor of a fee award. Third, because the record does not establish that the misinterpretation was intentional, the likely deterrent value of a fee award is limited. *See California Ironworkers Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1048 (9th Cir. 2001). Fourth, Alves admitted that he filed the lawsuit to benefit himself alone. He does not identify any significant legal question that he sought to resolve. Fifth, "the relative merits of the parties' positions[] is, in the final analysis, the result obtained by the plaintiff," and Alves did not ultimately prevail. *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 590 (9th Cir. 1984).

Alves argues that his ultimate loss is irrelevant because he was partially successful in his first appeal. *See Alves v. Hewlett-Packard Comprehensive Welfare Benefits Plan*, 785 F. App'x 397, 399 (9th Cir. 2019). To be eligible for fees, Alves needed to achieve only "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). The district court correctly recognized that Alves's partial success made him eligible for a fee award, but the court could still consider his ultimate loss in deciding whether to exercise its discretion to award fees. *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121–22 (9th Cir. 2010); *Smith*, 746 F.2d at 590. It was also appropriate for the district court to "consider the full course of the litigation," even though Alves seeks fees only through his first appeal. *Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1057 (9th Cir. 2017).

Balancing the factors, the district court reasonably declined to award fees. Because we have no "definite conviction" that the district court "made a clear error of judgment," we affirm. *Hummell*, 634 F.2d at 452.

**AFFIRMED.**