**Bernice SOKOL, Plaintiff-Appellee,**

v.

**Jacob L. BERNSTEIN, M.D.,
Defendant-Appellant.**

No. 85–6357.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 1986.*

Decided March 11, 1987.

James E. Hornstein, Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, Cal., for plaintiff-appellee.

Stuart R. Mandel, Beverly Hills, Cal., for defendant-appellant.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Before PREGERSON and HALL, Circuit Judges, and ORRICK,** District Judge.

ORRICK, District Judge:

Plaintiff-Appellee, Bernice Sokol, brings this action for attorneys' fees on appeal pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(1).

## I

Bernice Sokol, beneficiary of a pension plan administered by Jacob Bernstein, sought to enforce a contractual agreement that provided that her husband's pension funds would be disbursed to her only upon her request. After a two day bench trial in the United States District Court for the Central District of California, the district court found that Bernstein had acted arbitrarily and capriciously in distributing the pension funds to Sokol. The court awarded Sokol $1,996.29 for loss of interest stemming from the wrongful failure to redeposit the funds, $4,000 in medical expenses and damages for emotional distress, and $5,150 in attorneys' fees.

Bernstein appealed the decision to this court, claiming (1) that the district court erred in holding that he breached his fiduciary duty toward Sokol; (2) that a beneficiary under a pension plan cannot recover damages for emotional distress under ERISA; and (3) that the district court abused its discretion in awarding attorneys' fees to Sokol. We affirmed the district court's finding that Bernstein had breached his fiduciary duty because of his violation of the express contract, and affirmed the award of attorneys' fees at the trial level. We reversed the district court on the issue of damages for emotional distress, holding that § 502(a)(3) of ERISA does not permit the award of such damages, and thus remanded the general damages award back to the district court for separation and exclusion of the emotional distress portion of the damages. *Sokol v. Bernstein,* 803 F.2d 532, 534-39 (9th Cir.1986).

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

## II

Sokol requests attorneys' fees incurred in connection with the appeal of this matter in the amount of $6,387.50 pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1). This section provides in pertinent part that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." We have held that this section allows the court to award attorney's fees on appeal. *Carpenters Southern California Administrative Corp. v. Russell,* 726 F.2d 1410, 1417 (9th Cir.1984); *Operating Engineers Pension Trust v. Gilliam,* 737 F.2d 1501, 1506 (9th Cir.1984); *Operating Engineers Pension Trust v. Charles Minor Equipment Rental, Inc.,* 766 F.2d 1301, 1305 (9th Cir. 1985); *see also Nachwalter v. Christie,* 805 F.2d 956, 961 (11th Cir.1986). Furthermore, the criteria described in *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir.1980), should guide the court in determining whether to award attorney's fees on appeal. *Operating Engineers Pension Trust v. Charles Minor Equipment Rental, Inc.,* 766 F.2d at 1305. The criteria established in *Hummell* include: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Hummell,* 634 F.2d at 453. In applying these criteria, courts should bear in mind that the purpose of ERISA is to protect the beneficiaries of private pension plans. Thus, these criteria often suggest that attorney's fees should not be awarded against ERISA plaintiffs. *Nachwalter,* 805 F.2d at 962.

** Honorable William H. Orrick, Jr., Senior United States District Judge, Northern District of California, sitting by designation.

The factors described in *Hummell* weigh in favor of awarding Sokol her attorneys' fees on appeal. First, the district court found that Bernstein had acted arbitrarily and capriciously and, thus, this appeal would not have arisen had it not been for his initial bad faith in handling the pension. Second, Bernstein has not argued that he is unable to satisfy the attorneys' fees on appeal. Third, this was a proper action by an ERISA plaintiff to enforce her rights under the law. Denying the fees on appeal might deter other ERISA plaintiffs from pursuing their legitimate claims. Fourth, the appeal sought to resolve a significant legal question regarding ERISA; the availability *vel non* of damages for emotional distress under § 502(a)(3). Finally, there is no question that the equities in this litigation lie with Sokol. These considerations mirror those that we found in affirming the district court's award of attorneys' fees at the trial level.

Bernstein argues that this court should not award fees on appeal to Sokol because she was not the prevailing party in the appeal. This argument ignores the fact that the *Hummell* criteria do not rely on the prevailing-party doctrine. Furthermore, we affirmed the majority of the district court's opinion, reversing only the award of damages for emotional distress. Bernstein was found to have acted in violation of ERISA, and Sokol therefore continues to be the prevailing party.

Finally, we find that although the general rule is that the award of attorney's fees on appeal should be fixed in the first instance by the district court, *Perkins v. Standard Oil Co.*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970); it is not a *per se* rule. Thus, we have authority to grant the award of attorneys' fees on appeal. *Operating Engineers Pension Trust v. Charles Minor Equipment Rental, Inc.*, 766 F.2d at 1305. The allocation of the attorney's time and amount of the fees appears reasonable. Accordingly, we award attorneys' fees to Sokol in the amount of $6,387.50, pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).