Richard OROZCO, Plaintiff,

v.

UNITED AIRLINES, INC. Defendant.

No. C–88–1882 SAW.

United States District Court,
N.D. California.

Oct. 31, 1988.

---

David Fielding, Bushnell, Caplan & Fielding, San Francisco, Cal., for plaintiff.

William Dritsas, Tyler Brown, Seyfarth, Shaw, Fairweather & Geraldson, San Francisco, Cal., for defendant.

## ORDER

WEIGEL, District Judge.

Plaintiff, a former full-time employee of defendant, resigned under United's voluntary Termination Incentive Program (TIP). Under this program, participants received a lump sum cash payment equal to 100% of their annual pay. Defendant calculated plaintiff's annual pay based on his newly acquired part-time status, despite the fact that during all of plaintiff's years of service, he had worked full-time. Plaintiff brought this suit seeking the remainder of the cash payment based on the full-time wages. The parties agreed that the TIP plan was covered by the Employee Retirement Income Security Act (ERISA), 29 U.S. C. section 1001. Plaintiff's claim was therefore construed as a civil action to recover ERISA plan benefits under 29 U.S.C. section 1132(a)(1)(B).

This Court granted plaintiff's motion for summary judgment, finding that it was arbitrary and capricious for defendant to seize upon a mere technicality to reduce its payment to plaintiff. The Court awarded plaintiff $14,232 plus interest.

Plaintiff now seeks attorney's fees and expenses of litigation under 29 U.S.C. section 1132(g)(1).[1] Although fees under this statute are a matter of discretion, the Court is directed to consider the following factors:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to

---

1. 29 U.S.C. § 1132(g)(1) provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980).

Two of the factors strongly suggest that plaintiff should be awarded attorney's fees. First, defendant, as plan administrator, acted with a fair degree of culpability. Under ERISA, the plan administrator was required to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. Purposes of this section include providing a nonadversarial method of claims settlement and minimizing the costs of settlement. *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980). When plaintiff wrote on his first enrollment form that he refused to waive his rights, rather than granting such a review, defendant refused to pay plaintiff the undisputed portion. Defendant later argued to this Court that defendant waived his right to the disputed portion by cashing the check for the undisputed amount. Moreover, defendant acted arbitrarily and capriciously in denying the benefits. *See Sokol v. Bernstein*, 812 F.2d 559, 561 (9th Cir.1987).

Second, the relative merits of the parties' positions support the granting of attorney's fees. As a general rule, ERISA employee plaintiffs are entitled to a reasonable attorney's fee " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir.1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1982)). Not only did plaintiff recover the entire disputed portion, but did so despite the extremely deferential standard of review of the plan administrator's decision.

Plaintiff has not made a strong showing under the other *Hummell* factors. In applying these factors, however, the Court must consider ERISA's purpose of protecting the beneficiaries of private pension plans. *Sokol*, 812 F.2d at 560. "Absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." *McConnell v. MEBA Medical & Benefits Plan*, 778 F.2d 521, 525 (9th Cir.1985) (quoting *Smith, supra* ). Here, two of the factors suggest that plaintiff should prevail on an attorney's fees request, and no special circumstances suggest otherwise. The Court therefore grants plaintiff's requests for fees.

■ Defendant argues that plaintiff should not receive fees for work done by counsel prior to the correct identification of the action as a claim under ERISA, approximately a year after counsel's initial meeting with plaintiff.

There are two problems with defendant's reasoning. First, defendant, as plan administrator, bears some responsibility for not informing plaintiff that this was an ERISA plan, and for not setting up or informing plaintiff of some sort of claims review procedure as required by ERISA. Moreover, as an ERISA plan administrator, defendant should have known that attorney's fees are available under 29 U.S.C. § 1132(g)(1), and can not now claim surprise or prejudice.

Second, the work done by plaintiff's counsel pertaining to the factual, rather than the legal basis of the claim, as well as the settlement efforts, were necessary for the ERISA claim as well. The work necessary for prosecution of the ERISA claim included the initial consultation and inquiries, discovery, and settlement efforts, as well as the work on the summary judgment motion and subsequent matters. The record submitted by plaintiff showed a total of 70.5 hours spent on these matters. The Court allows compensation at the rate of $125.00 an hour for the total sum of $8,812.50.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for attorney's fees is hereby GRANTED in the amount of $8,812.50.