28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence MOORE, Plaintiff-Appellant,
v.
LOCAL UNION 569 OF the INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS; San Diego Electrical Pension
Trust; Joe Heisler, et al.; Tom
Pridemore, Defendants-Appellees.
 No. 93-55287.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 27, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Moore contends the district court erred in (1) dismissing without leave to amend portions of his First Amended Complaint and dismissing with leave to amend the remainder of his First Amended Complaint and his entire Second Amended Complaint; (2) requiring him to pay the defendants' attorney's fees incurred in opposing Moore's motion for reconsideration before proceeding any further with his remaining causes of action; and (3) requiring him to post a $200,000 bond before proceeding any further with his causes of action against the Trust Funds. We dismiss the appeal.
 
 I.
 
 3
 In general, a plaintiff may not appeal a voluntary dismissal. Wickland Oil Terminal v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir.1986), cert. denied, 484 U.S. 822 (1987); Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548 (9th Cir.1986); Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986) (per curiam). An exception to this general rule arises when a district court grants a voluntary dismissal as a means of expediting the review of a party's claim. United States v. Procter & Gamble, 356 U.S. 677, 680-81 (1958); Thomsen v. Cayser, 243 U.S. 66, 83 (1917). This exception "applies only if 'the only other route of appeal is a contempt judgment, and by taking a dismissal and appealing, the appellant avoids unseemly conflict with the District Court over the contempt issue.' " Plasterers Local Union No. 346 v. Wyland Ent., Inc., 819 F.2d 217, 218 (9th Cir.1987) (quoting 2 Federal Procedure, Lawyers Edition Sec. 3:315 (1981)).
 
 
 4
 Because another route of appeal was available, we lack jurisdiction over Moore's appeal from the voluntary dismissal order. The district court's order of September 10, 1992 was immediately appealable as a collateral order because it (1) conclusively determined that a bond was required before the matter could proceed; (2) resolved an important issue separate from the merits; and (3) was effectively unreviewable on appeal from the final judgment because Moore claims he could not afford to post the bond. Riverhead Sav. Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1114 (9th Cir.1990). Moore failed to file a notice of appeal within 30 days of September 10, 1992. Fed.R.App.P. 4. His appeal is dismissed.
 
 II.
 
 5
 Pursuant to Section 502(g) of ERISA, the Trust Funds seek to recover the attorney's fees they incurred in opposing this appeal. 29 U.S.C. Sec. 1132(g). In determining whether attorney's fees should be awarded to a party in an ERISA suit, we consider:
 
 
 6
 (1) The degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of the fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting the fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 7
 Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980); see also Sokol v. Bernstein, 812 F.2d 559, 560 (9th Cir.1987) (applying Hummell to determine whether attorney's fees should be awarded on appeal).
 
 
 8
 We usually are reluctant to award attorney's fees against an ERISA plaintiff for fear of chilling meritorious claims. In Sokol, we noted that the Hummell "criteria often suggest that attorney's fees should not be awarded against ERISA plaintiffs." 812 F.2d at 560. However, aside from Moore's limited ability to satisfy a fee award, the remaining factors favor granting the Trust Funds' request.
 
 
 9
 Moore filed complaints against the Trust Funds that raised vague and conclusory allegations lacking adequate foundations in either fact or law. Cf. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1526-28 (9th Cir.1990). His complaints repeated allegations that had been litigated in his earlier suits. Nothing in the record suggests that further opportunities to amend would have solved these problems. Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir.1991). In addition, the court found that Moore had "unreasonably and vexatiously multiplied the proceedings in this matter."
 
 
 10
 On this record, sanctions are appropriate. The purpose of ERISA is protect the beneficiaries of pension plans. Sokol, 812 F.2d at 560. This purpose is not served by allowing employee trust funds to be depleted in the defense of unreasonable and vexatious claims.
 
 
 11
 Although the district court required Moore to post a $1000 bond to cover the defendants' court costs, it did not make findings as to attorney's fees. We remand for the limited purpose of allowing the district court to determine an appropriate attorney's fee award for the Trust Funds. Perkins v. Standard Oil Co., 399 U.S. 222, 223 (1970).
 
 
 12
 DISMISSED and REMANDED for an award of attorney's fees.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3