139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence MOORE, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 569;
Tom Pridemore; Jim Alysworth; International Brotherhood of
Electrical Workers; J.J. Barry; San Diego National
Electrical Contractors Association; Ron Cooper; Dave
Raspolich; James Fuller; Fischbach & Moore, Inc.; Kissane
& Cook; Melissa Cook; Matthew Kissane; Lewis Levy; Levy,
Goldman & Levy; Steve Sayler; Craig Brown; Hillyer &
Irwin; Norman Allenby; Jennifer Messersmith, Defendants-Appellees,
and
Trustees of the San Diego Electrical Pension Trust;
Trustees of the San Diego Electrical Health &
Welfare Trust; Trustees of the San
Diego Electrical
Apprenticeship &
Training
Trust, Defendants.
 No. 96-56248.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Moore appeals pro se the district court's dismissal of his action on res judicata grounds and the district court's order requiring him to post a $500 appeal bond. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal de novo, see Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993), and the appeal bond for an abuse of discretion, see Fed.R.App.P. 7. We affirm.
 
 
 3
 Moore contends that the district court erred by dismissing his action on res judicata grounds. We disagree.
 
 
 4
 The doctrine of res judicata bars a subsequent action between the same parties on all claims that were, or could have been, raised in a previous action which led to a final judgment on the merits. See FDIC v. Alshuler (In re Imperial Corp. of Am.), 92 F.3d 1503, 1506 (9th Cir.1996). Here, Moore's claims either were or could have been raised in Moore v. Local 569 of the Int'l Bhd. of Elec. Workers, No. CV-91-1543-B (S.D.Cal. Dec. 22, 1992), appeal dismissed, No. 93-55287, 1994 WL 283957 (9th Cir. June 27, 1994), and there was a final judgment on the merits, cf. Pension Trust Fund for Operating Eng'rs v. Triple A Machine Shop, Inc., 942 F.2d 1457, 1462 (9th Cir.1991). Accordingly, the district court properly dismissed Moore's action on res judicata grounds. See Palomar Mobilehome Park Ass'n, 989 F.2d at 363.
 
 
 5
 Moore contends that the district court erred by requiring him to post a $500 appeal bond pursuant to Fed.R.App.P. 7. We disagree. The determination of the amount of a bond necessary to ensure payment of costs on appeal is left to the discretion of the district court, see Fed.R.App.P. 7, and we are unable to find an abuse of discretion.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion to strike the brief filed by Ray Van der Nat and to impose sanctions is denied