Concurrence by Judge Berzon OPINION MURPHY, Circuit Judge: I. INTRODUCTION This court generally employs the five-part test set out in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980), to determine the appropriateness of awarding or denying a 29 U.S.C. § 1132(g)(1) ERISA-based request for appellate attorney’s fees.[1] See Credit Managers Ass’n of S. Cal. v. Kennesaw Life & Accident Ins. Co., 25 F.3d 743, 752 (9th Cir. 1994); Operating Eng’rs Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347, 1356-57 (9th Cir. 1990). The question presented here is whether in analyzing a party’s request for appellate attorney’s fees within the Hum-mell rubric, a court must consider the entire course of the litigation. The decision in Sokol v. Bernstein, 812 F.2d 559, 561 (9th Cir. 1987), compels an affirmative answer to that question. Accordingly, exercising jurisdiction pursuant to 28 XJ.S.P; § 1291, this court REVERSES the district court’s denial of appellate attorney’s fees and REMANDS the matter to the district court for calculation of a reasonable award of fees and costs. II. BACKGROUND In Micha v. Group Disability Benefits Plan, we affirmed a § 1132(g)(1) award of litigation attorney’s fees in favor of Group Disability Benefits Plan (“Group Disability”) for Gynecologic Oncology Associates Partners, LLC (“GOA"). 597 Fed.Appx. 905, 906-08 (9th Cir. 2014). Micha concluded (1) Group Disability achieved “some success on the merits”[2] and (2) the district court did not abuse its discretion in concluding the five Hummell factors weighed in Group Disability’s favor. Id. at 907 (quotations omitted). Micha specifically recognized that ■ [w]hen, in the course of the underlying litigation, the district court informed [Sun Life Assurance- Company (“Sun Life”) ] it had serious concerns regarding Sun Life’s handling of [Dr. John] Micha’s claim for disability benefits, Sun Life settled the suit. When it did so, Sun Life fully vindicated Group Disability’s interests in the lawsuit. Id.[3] Micha emphasized that the fee award in Group Disability’s favor was a “remnant of discarded precedent” and noted that because of a significant, intervening change in.this court’s case law, our unpublished disposition was “likely of no practical significance to anyone other than the parties on appeal.” Id. at 906 n.l,[4] Sun Life filed a Petition for a Writ of Certiorari, asserting the unpublished disposition in Micha would have wide-ranging repercussions.[5] But see id. Sun Life’s petition for certiora-ri claimed Micha would (1) increase litigation over fee awards and (2) expand the class of individuals entitled to an award of attorney’s fees, not only with regard to ERISA but also through "similar attorney’s fees claims being filed in federal courts outside of ■ the ERISA context.” Group Disability filed an opposition to the petition and the Supreme Court denied Sun Life’s request for certiorari. — U.S. —, 135 S.Ct. 2894, 192 L.Ed.2d 926 (2015). Seeking a § 1132(g)(1) award of appellate attorney’s fees' for prevailing in Mi-cha, Group Disability filed a Motion to Transfer Consideration of Attorney Fees on Appeal to the District Court for Determination. See Ninth Cir. R. 39-1.8 (“Any party who is or may be eligible for attorneys fees on appeal to this Court may ... file a motion to transfer consideration of attorneys fees on appeal to the district court .,. from which the appeal was taken.”). The panel granted the motion and before the district court Group Disability asked that its request for appellate attorney’s fees be resolved with the five-factor test set out in Hummell.[6] The district court concluded that despite having achieved some success on the merits by prevailing on appeal, Group Disability was not, entitled to appellate attorney’s fees under the Hummell'factors. The district court reasoned as follows: (1) Sun Life did not act in bad.faith or with culpability as to the prior appeal because that appeal presented a novel issue (i.e., whether a nominal defendant could recover from a co-defendant based on the success of the plaintiffs case); (2) Sun Life’s ability to pay an award was uncontested, but not determinative; (3) an award of fees would not deter future misconduct because (a) the prior appeal was not taken in bad faith and (b) Micha made clear the “facts of this case are unlikely to be repeated”; (4) the fourth factor, whether litigation provided a benefit to all plan participants or resolved a novel legal issue, was not implicated by Group Disability’s fee request; and (5) the relative merits of the parties’ positions on appeal favored Group Disability, but only slightly because Sun Life’s prior appeal “was predicated upon fairly debatable legal arguments involving a novel ERISA issue.” As should be clear from this recitation of the district court’s reasoning, in analyzing the Hummell factors, the district court focused exclusively on Sun Life’s actions and arguments on appeal in Micha and refused to consider Sun Life’s conduct in the underlying suit Micha brought for disability benefits. III. ANALYSIS A. Forfeited Bases to Reverse the District Court 1. Automatic-Entitlement Rule Group Disability asserts we should adopt the Seventh Circuit’s automatic-entitlement rule and, on that basis, reverse the district court’s denial of appellate attorney’s fees. See Bandak v. Eli Lilly & Co. Ret. Plan, 587 F.3d 798, 803 (7th Cir. 2009) (“[A]ffirmance entitles an appellee who has properly been awarded an attorney’s fee in the district court to an attorney’s fee for successfully defending the district court’s judgment in the court of appeals. Otherwise the purpose of the initial award—to shift the cost of litigation to the losing party—would be imperfectly achieved.” (quoting Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 672 (7th Cir. 2007))). We decline to consider this issue because it was never raised in the district court. See Hillis v. Heineman, 626 F.3d 1014, 1019 (9th Cir. 2010).[7] 2. Prevailing-Party Presumption Group Disability claims the district court erred when it failed to apply a prevailing-party presumption in resolving its entitlement to appellate attorney’s fees. See United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc., 512 F.3d 555, 564 (9th Cir. 2008) (“[A]s a general rule, the prevailing party on an ERISA claim is entitled to attorney’s fees, unless special circumstances would render such an award unjust.” (quotation omitted)). This issue was raised for the first time in Group Disability’s motion for reconsideration. Citing this court’s precedents, the district court refused to consider the issue. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration “may not be used to raise arguments or present evidence for first time when they could reasonably have been raised earlier in the litigation”). We review for abuse of discretion the denial of a motion for reconsideration. Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1100 (9th Cir. 2004). We perceive no abuse of discretion in the district court’s refusal to consider an issue that could reasonably have been raised in Group Disability’s original motion for appellate attorney’s fees.[8] B. HummeWs Multi-Factor Test Group Disability asserts the district court’s analysis of the Hummell factors is infected with legal error and its denial of appellate attorney’s fees is manifestly unreasonable. In particular, Group Disability asserts the district court’s refusal to consider Sun Life’s pre-appeal conduct improperly skewed its analysis of the Hummell factors in favor of Sun Life. An award of attorney’s fees is reviewed for abuse of discretion, though “any elements of legal analysis and statutory interpretation which figure in the district court’s decision are reviewable de novo.” Fabbrini v. City of Dunsmuir, 631 F.3d 1299, 1302 (9th Cir. 2011) (quotation omitted). Thus, in reviewing a district court’s denial of ERISA attorney’s fees, this court must reverse if the district court used incorrect legal standards to reach its findings. Hope v. Int’l Bhd. of Elec. Workers, 785 F.2d 826, 831 (9th Cir. 1986). Furthermore, this court will reverse a denial of fees if “it has a definite and firm conviction that the district court committed a clear error of judgment.” United States v. Tucor Int’l, Inc., 238 F.3d 1171, 1175 (9th Cir. 2001). The district court erred when it refused to consider the full course of the litigation, specifically including Sun Life’s pre-appeal conduct, in applying the Hum-mell factors to Group Disability’s request for appellate attorney’s fees.[9] See Sokol, 812 F.2d at 561 (“First, the district court found that Bernstein had acted arbitrarily and capriciously and, thus, this appeal would not have arisen had it not been for his initial bad faith in handling the pension.”).[10] Weighing the five Hummell factors in light of all of Sun Life’s conduct, from its wrongful denial of Micha’s claim to its filing of a petition for a writ of certiorari, it is clear Group Disability is entitled- to appellate attorney’s fees. 1. Degree of Culpability or Bad Faith This factor strongly favors an award of appellate fees and costs to Group Disability. Group Disability was forced into this litigation only after Sun Life wrongfully denied disability benefits to Micha. See sivpra note 3. Although denominated as a “defendant” under this court’s then-prevailing Everhart decision, Micha concluded Group.Disability was, in reahty, a co-plaintiff fully supportive of Micha’s request for ERISA benefits. 597 Fed.Appx. at 907. Sokol requires that courts weighing the first Hmnmell factor consider any pre-appeal bad faith or culpability on the part of the non-claiming party. 812 F.2d at 561. This rule prevents a party from insulating itself from an award of appellate fees by merely identifying an issue whose resolution is “sufficiently uncertain to have justified [the party against which an award of litigation fees has been entered] in seeking appellate review.” Sullivan, 504 F.3d at 672. A party like Sun Life should not be able to appeal from a litigation fee award, even on an issue justifying appellate review, and thereby impose significant costs on the appellee in defending the fee award, while taking comfort in the knowledge that any potential appellate fee award against it will be judged solely on the basis of its appellate arguments on the fee issue. Id. Furthermore, as this court’s memorandum disposition in Micha made clear, the underlying' fee appeal was a dead-ender, with no legal significance to anybody but the parties. 597 Fed.Appx. at 906 n.l. Nevertheless, Sun Life vigorously litigated the matter on appeal, going so far as to dubiously assert in a petition for certiorari that the memorandum disposition' in Micha would have exceedingly far-reaching implications for awards under various types of fee-shifting statutes. The first Hmnmell factor weighs heavily in favor of an award of appellate attorney’s fees to Group Disability. 2. Ability to Pay As noted by the district court, Sun Life does not dispute its ability to satisfy a fee award. At no point in its analysis, however, did the district court indicate what-weight, if any, it assigned to this -factor. This court’s precedents indicate that, at least'as to a suit involving an ERISA beneficiary as a plaintiff, a defendant-appellant’s ability to pay should weigh strongly in favor of an award of fees. See Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 590 (9th Cir. 1984). Although Group Disability is not technically an ERISA beneficiary, this Hmnmell factor still weighs in favor of an award of fees. In affirming the district court’s original award of litigation fees in favor of Group Disability, Micha held as follows: Having concluded Micha’s ERISA suit against defendant Sun Life and nominal-defendant/plaintiff-in-interest , Group Disability is the proper vantage from which to review the validity of the district court’s fee award,, this court easily rejects Sun Life’s arguments as to success on the merits. Sun Life contends that in deciding whether an attorney’s fee award was appropriate, the district court was required to focus on the relief Group Disability obtained on its own behalf. At each and every point necessary, Group Disability supported Mi-cha’s request for disability benefits as consistent with the insurance contract it purchased from Sun Life. When, in the course of the underlying litigation, the district court informed Sun Life it had serious concerns regarding Sun Life’s handling, of Micha’s claim for disability benefits, Sun Life settled the suit. When it did so, Sun Life fully vindicated Group Disability’s interests in the lawsuit, 597 FedAppx. at 907. According to Micha, Group Disability’s interests were identical to, and fully aligned with, Micha’s interests in obtaining a proper award of disability benefits. That identity-of-interest did not disappear when Sun Life appealed the fee award in favor of Group Disability. Sun Life has offered no reason to conclude that identity-of-interest disappeared when analyzing whether the Hummell factors weigh in favor of an award of appellate fees to Group Disability. That being the case, the rule of law set out in Smith weighs in favor of an award of fees in this particular case. 3. Deterrence The district court concluded the deterrence factor weighed against an award of fees because: (1) the original fee award sufficiently deterred insurance companies from denying legitimate claims; (2) Sun Life did not act in bad faith in bringing its appeal because the issue raised was novel; and (3) the fact the case only arose under the now-rejected Everhart decision, a situation that would not likely repeat, meant an award of. fees would have no deterrent value. The district court’s conclusion in this regard is -manifestly unreasonable. First, an award of litigation fees and costs is not particularly meaningful when a defendant can force the expenditure of significant fees on appeal to defend that award. Thus, a proper award of litigation fees that is not backed up by an award of appellate fees is generally not a sufficient deterrent to wrongful conduct on the part of an ERISA defendant. Second, the district court’s consideration of bad faith is legally suspect because the district court refused to consider Sun Life’s pre-appeal conduct which, as discussed above, involved bad faith. See supra note 3. Finally, the district court’s third consideration (i.e., that the relative unimportance of the decision in Micha limits the deterrent effect of any appellate fee award) is arguably inconsistent with the district court’s determination that Sun Life’s appellate conduct was taken in good faith because the issue on appeal was novel. That is, the undeniable fact that the district court’s original award of attorney’s fees was entirely a product of the now-discarded Everhart decision makes Sun Life’s vigorous appellate advocacy, exemplified by its petition for certio-rari, all the harder to understand and all the more susceptible to the deterrent effect of an award of appellate fees. The district court abused its discretion in concluding this factor weighed against an award of fees. Instead, an award of appellate fees in the circumstances present in this appeal would have a significant deterrent effect as to the bringing of marginal appeals after a misconduct-based denial of ERISA benefits, see swpra note 3, led to an award of litigation fees and costs. 4. Significance of Legal Issue/Benefit to All Plan Participants Micha held that the resolution of Sun Life’s appeal had no practical significance to anybody but the parties on appeal. 597 Fed.Appx. at 906 n.l. Because Sun Life vigorously pursued an appeal with limited practical significance all the way through a petition for a writ of certiorari, this factor weighs in favor of an award of fees to Group Disability.[11] 5. Relative Merits of the Parties’ Positions Given that Group Disability prevailed on every matter at issue in Micha, the district court correctly concluded this factor favored an award of fees because Group Disability prevailed on appeal. Properly viewed, each of the Hummell factors weighs in favor of an appellate fee award to Group Disability. The district court’s contrary conclusion and denial of an award of appellate attorney’s fees amounts to an abuse of discretion. IV. CONCLUSION For those reasons set out above, the district court’s denial of Group Disability’s motion for appellate attorney’s fees and costs is REVERSED and the matter is REMANDED to the district court for the calculation of a reasonable award of fees and costs. . We specifically emphasize the qualifier "generally.” As set out infra, there may well exist exceptions to the rigid applicability of the Hummell test. For reasons that will soon become apparent, however, this is not the appropriate case to explore the existence of any such exceptions. . See Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 244-45, 130 S.Ct 2149, 176 L.Ed.2d 998 (2010) (holding a party need not ”prevail[]” to obtain a fee award under § 1132(g)(1); instead, a court has discretion to grant such an award as long as the party “has achieved some degree of success on .the merits” (quotations omitted)). . The district court in the underlying benefits dispute between Micha and Group Disability, on one side, and Sun Life, on the other side, concluded there' was "ample evidence” Sun Life engaged in misconduct in denying Mi-cha’s disability claim: Plaintiff's central complaint appears to be that Sun Life engaged in a pattern of conduct designed to permit the company to avoid learning certain details about Plaintiff’s condition that would require it to find him disabled under the- policy. Indeed, a review of the record finds ample evidenc'e to support this contention. EOR at 254. In response to the district court’s conclusion as to misconduct on the part of Sun Life, Sun Life settled with Micha and granted him disability benefits. Thereafter, in granting Group Disability’s request for litigation attorney’s fees, the district court specifically found Sun Life acted in bad faith in denying Micha disability benefits. fiOR at 331 (“While this case did not reach trial, the court made several findings in its Order Regarding Motions to Determine Scope of Review indicating Sun Life’s bad faith in assessing Micha's claims,”).’ Based on its finding Sun Life acted in bad faith, the district court con-eluded “the first and fifth Hummell factors weigh in favor of awarding [litigation attorney’s] fees to” Group Disability. Id. .As explained in Micha, Group Disability is an employee welfare plan ,.. maintained to provide disability benefits to [GOA] employees .... Group Disability purchased a disability policy from Sun Life covering GOA’s employees, including Dr, John Micha, Micha sought disability benefits from Sun Life. When Sun Life denied the claim, Micha brought suit against Sun Life and Group Disability. See 29 U.S.C. § T 132(a)(1)(B), 597 Fed.Appx. at 906 (footnote omitted) (emphasis in original). The rule requiring Micha to sue Group Disability to obtain benefits from Sun Life was eventually abandoned by this court sitting en banc; In Everhart v. Allmerica Financial Life Insurance Co., 275 F.3d 751, 756 (9th Cir. 2001), this court held that 29 U.S.C. § 1132(a)(1)(B) "does not permit suits against, a third-party insurer to recover benefits when the insurer is not functioning as the plan administrator.” Instead, under Ev-erhart, the ERISA plan was the proper defendant in a suit for benefits. Id. After the filing of the complaint giving rise to this appeal, this court overruled Everhart. Cyr v. Reliance Standard Life Ins. Co., 642 F.3d 1202, 1207 (9th Cir. 2011) (enbanc). Id. at 906 n. 1 (emphasis in original). . We GRANT Group Disability’s Motion to Take Judicial Notice as to Exhibits 1 and 2. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.” (citation omitted)). We DENY the motion as to Exhibit 3 because those documents are unnecessary to the disposition of this appeal. Sun Life’s -Request for Judicial Notice is DENIED because it is unnecessary to take notice of documents contained in this court’s docket. . The five Hummell factors are: (1) the degree of the opposing parties’ culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the partids’ positions. 634 F.2d at 453. . It is, therefore, unnecessary to decide whether extant Ninth Circuit precedent would prevent the adoption of an automatic-entitlement .rule. In Credit Managers Association of Southern California, this court held that "[i]n considering whether to award appellate fees under 29 U.S.C. § 1132(g), we must consider the five Hummell factors.” 25 F.3d 743, 752 (9th Cir. 1994); see also Operating Eng’rs, 911 F.2d at 1356-57 (same). There is a key distinction between those cases and this appeal. In both Credit Managers and Operating Engineers this court was deciding whether to grant appellate fees in appeals that presented ERISA merits issues. This case, on the other hand, is the type of fees-on-fees case that gave rise to the automatic-entitlement rule. The sole question before the district court here was whether Group Disability was entitled to appellate attorney’s fees for achieving some degree of success on the merits in an appeal where the only issue was the appropriateness of a district court’s award of litigation attorney’s fees. Whether that distinction is meaningful enough to allow a panel of this court to adopt the automatic-entitlement rule without superseding involvement of the en banc court is a matter we leave for an appeal where the issue is properly raised and litigated in the district court. . It is, therefore, unnecessary to address whether the prevailing-party presumption set out in United Steelworkers survived the Supreme Court’s decision in Hardt, 560 U.S. at 244-45, 130 S.Ct. 2149. . The district court refused to consider Sun Life’s pre-appeal conduct in weighing the Hummell factors because Group Disability purportedly did not raise the issue in its original request for fees. The district court’s procedural ruling as to waiver of the issue is erroneous. In asserting an entitlement to appellate attorney's fees, Group Disability specifically noted it achieved some success on the merits when it participated in and supported Micha’s attempt to obtain disability benefits from Sun Life. Group Disability claimed that but for Sun Life's bad faith in denying Micha’s benefits claim, it never would have “became a victim to the lawsuit.” The only fair reading of Group Disability's request for appellate fees is that Group Disability was asking that the district court keep the basis for Group Disability’s success firmly in mind as it moved though the Humme:il analysis. . In its order denying fees, the district court stated that "[w]here an appellee seeks attorney’s fees and costs for services performed in connection with defending an appeal, courts in the Ninth Circuit review whether the appellant pursued the appeal in bad faith and not whether the appellant’s conduct, which resulted in the original litigation, warrants a finding of bad faith or culpability.” None of the three cases the district court cited, however, support that proposition. Two of the cases, DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 414 (9th Cir. 1994) and Operating Engineers, 911 F.2d at 1357, involved ERISA beneficiaries, who, unlike the plans at issue here, are rarely charged attorney’s fees. See Operating Eng'rs, 911 F.2d at 1357 (noting that "the Hummell considerations very frequently suggest that attorney’s fees should not be charged against ERISA plaintiffs”); Flanagan v. Inland Empire Elec. Workers Pension Plan & Tr., 3 F.3d 1246, 1253 (9th Cir. 1993) ("[Ojur common perception [is] that attorney’s fees should not be charged against ERISA plaintiffs.”). And in both DeVoll and Operating Engineers, unlike here, there is no indication the ERISA beneficiaries acted in bad faith or were culpable at any point in the litigation, undermining any inference that the opinions' silence about pre-appeal conduct indicated such consideration was barred. In the third case, Misic v. Building Service Employees Health & Welfare Trust, 789 F.2d 1374, 1379 (9th Cir. 1986), the discussion of appellate .attorney’s fees is so limited, it. simply cannot be said the case bears meaningfully on the issue at hand. It is clear, however, that both parties in Misic prevailed in significant part, casting doubt on the notion that either party’s litigation position in the district court amounted to culpable behavior, Id. The district court, in denying reconsideration of its denial of fees, contorted its reliance on those three cases,, stating they demonstrated merely "that courts in the Ninth Circuit may properly consider appeal conduct under the Hummell factors,” but did not preclude consideration of pre-appeal conduct, which it said could be,- but did not have to be, considered. Even were the district court's depiction of Ninth Circuit law accurate, its order is silent on why it relied on three distinguishable cases to ignore Sun Life’s bad faith rather than Sokol, which is directly analogous to this case and, as we hold today, mandates consideration of any pre-appeal bad faith conduct. ,, . In concluding this factor did not weigh in favor of an award of fees, the district court stated as follows: "Group Disability admits that this factor does not weigh in favor of an award of fees. Instead, Group Disability argues that this factor is largely inapplicable in an individual dispute and should therefore be deemed inapplicable here.” The district court’s decision is based upon a misreading of the record. In its request for fees, Group Disability specifically argued that because the litigation fee award was well grounded in law and equity, Sun Life's appeal from that award did not present a significant legal issue. It is certainly true that in its reply in support of an award of fees, Group Disability conceded that the other portion of this factor, benefit to others, was irrelevant. Notably, however, there is nothing in Group Disability’s reply withdrawing its previous argument that because Sun Life’s appeal did not present a significant legal issue, this factor still favored an award of fees. Thus, the district court erred in concluding Group Disability conceded the inapplicability of this entire factor, instead of conceding the inapplicability of the benefit-to-other-participants portion of the fourth Hummell factor.