**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHELDON F. GOLDBERG; et al., | No.    17-16798 |
| Plaintiffs-Appellants, | D.C. No.<br>2:17-cv-02106-JCM-VCF |
| v. | |
| JACK BARRECA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 11, 2018**
San Francisco, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and GOULD, Circuit Judges.

Sheldon F. Goldberg and Barbara A. Goldberg (collectively, "the

Goldbergs") and their corporation, Beneficial Innovations, Inc. ("Beneficial"),

appeal the district court's denial of their temporary restraining order ("TRO"),

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

preliminary injunction, and reconsideration motions. We have jurisdiction over this interlocutory appeal, 28 U.S.C. § 1292(a)(1), and affirm.

I

We only have jurisdiction over corporations that are represented by counsel. *D-Beam P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). After filing an opening brief in this appeal, Beneficial's counsel withdrew because the Goldbergs and Beneficial discharged him. In granting counsel's motion to withdraw, we informed Beneficial that it must be represented by counsel to proceed before this Court, but no counsel has since appeared on its behalf. Accordingly, we do not have jurisdiction over Beneficial's appeal.

II

The district court did not commit a procedural error requiring remand. Federal Rule of Civil Procedure 52 required the district court to "find the facts *specially* and state its conclusions of law *separately*" when ruling on the Goldbergs' motions for interlocutory injunctive relief. Fed. R. Civ. P. 52(a)(1), (2) (emphasis added). The district court's findings and conclusions are intermixed rather than separately stated. However, the relevant orders are "sufficient to permit meaningful review." *Rodriguez v. Robbins*, 715 F.3d 1127, 1133 n.6 (9th Cir. 2013) (citation omitted). Thus, no remand is required.

2

The district court also did not abuse its discretion by denying the Goldbergs' TRO and preliminary injunction motions before receiving a reply brief. *See All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (noting review standard for local rules). The Goldbergs failed to "present [a] prima facie case[ ] for injunctive relief" in their opening brief. Because the Goldbergs could not raise new arguments in their reply brief to establish the necessary prima facie case, the district court was not required to wait for a reply brief before ruling. *See* Fed. R. Civ. P. 1 (The rules should be construed to ensure the "just, speedy, and inexpensive determination of every action and proceeding."); Nev. Local R. 1-1(a) (same). Moreover, even if the district court abused its discretion, the Goldbergs cannot demonstrate harm because they filed a subsequent motion for reconsideration in which they could raise any purportedly foreclosed arguments. *See* Fed. R. Civ. P. 61 (harmless error rule).

Finally, the district court did not abuse its discretion by failing to hold an evidentiary hearing when initially ruling on the Goldbergs' preliminary injunction motion because it did not need to resolve any factual disputes to conclude that three of the four required factors—namely, irreparable injury, balance of hardships, and public interest—weighed against relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (listing four factors);

*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (noting review standard for denial of an evidentiary hearing). On reconsideration, even if the district court erred by failing to hold an evidentiary hearing to assist in construing the Agreement, the interpretation of which was necessary to assess the likelihood of success, the error is harmless. *See* Fed. R. Civ. P. 61 (harmless error rule). The other three required factors do not require an evidentiary hearing and, as noted below, all three weigh against relief.

                                    III

The district court did not abuse its discretion in applying the irreparable injury, balance of hardships, and public interest factors to conclude that the Goldbergs were not entitled to a TRO or preliminary injunction. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir. 2015) (noting review standard for a TRO and preliminary injunction); *Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1056 (9th Cir. 2017) (noting review standard for reconsideration). As the district court noted, the Goldbergs failed to demonstrate why the infringement of their purported partnership rights is irreparable when Nevada law provides two remedies for an aggrieved partner, one of which is monetary damages. *Jeaness v. Besnilian*, 706 P.2d 143, 145–46 (Nev. 1985). The Goldbergs' loss is primarily "temporary economic loss," while

                                    4

Appellees could experience damage to customer relationships and a loss of good will, which are difficult to quantify monetarily. The Goldbergs' proposed injunctive relief would also burden a third-party by requiring it to store the margarita product in its facilities. The public interest is best served by allowing the Goldbergs to advance their claims through "the regular course of civil litigation" rather than "interfering with numerous private contracts." In sum, the district court did not abuse its discretion because it logically applied the *Winter* framework to the facts of this case. *Winter*, 555 U.S. at 20.

**AFFIRMED.**