**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> BAMBI GICANA <br><br>    Defendant-cross-claimant-<br>    Appellee. <br><br>  v. <br><br> ARACELI MALONEY <br><br>    Defendant-cross-defendant-<br>    Appellant, | No.   18-55785 <br><br> D.C. No. <br> 2:16-cv-08317-RSWL-RAO <br><br> MEMORANDUM[*] |
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> and <br><br> ARACELI MALONEY, <br><br>    Defendant-cross-defendant-<br>    Appellant, | No.   18-55989 <br>         18-56174 <br><br> D.C. No. <br> 2:16-cv-08317-RSWL-RAO |

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

BAMBI GICANA,

      Defendant-cross-claimant-
      Appellee.

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted November 4, 2019
Pasadena, California

Before:  FARRIS, McKEOWN, and PARKER,[**] Circuit Judges.

Appellant Araceli Maloney appeals three orders of the United States District Court for the Central District of California. The first order imposed an equitable lien on behalf of the Efren Molina Martinez Living Trust ("Trust"). The second order awarded attorneys' fees to Appellee Bambi Gicana, and the third order awarded her costs.

This case was initiated as an interpleader action by Metropolitan Life to determine the beneficiary of life insurance proceeds of Efren Molina Martinez, who died on March 16, 2016. Maloney, his sister, and Gicana, his widow, were both named as Defendants-in-Interpleader, and the parties stipulated to the

---

[**]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

dismissal of Metropolitan Life. In the course of reviewing Gicana's claims that Maloney had breached her fiduciary duty to the Trust, additional funds that were in the Decedent's 401(k) entered the dispute before the District Court. The parties agreed that these funds were assets of the Trust. However, they dispute the identities of the beneficiaries of the Trust. That dispute is the subject of a separate state court probate proceeding.

The District Court concluded that Maloney had violated her fiduciary duties by diverting Trust assets—the 401(k) funds—into her own retirement account. The evidence also established that Maloney had used those funds for unauthorized personal expenditures. Accordingly, the District Court imposed an equitable lien in favor of the Trust on Maloney's personal IRA and required her to provide the Trust with an accounting and to restore improperly disbursed funds.

On appeal, Maloney argues that she is the sole beneficiary of the Trust, and that, in any event, her IRA is an exempt asset that cannot be the subject of an equitable lien. We see no merit to these contentions. It is not disputed that both the insurance proceeds and the 401(k) funds are governed by ERISA. A court may hold a fiduciary personally responsible for a breach of fiduciary duty under ERISA and impose appropriate equitable remedies. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252 (1993) (citing 29 U.S.C. § 1109(a)). Because Gicana traced the 401(k)

funds to Maloney's personal IRA, the District Court correctly imposed the lien against that account.

Maloney argues that her personal IRA is an exempt asset. She contends this result is compelled by *Rousey v. Jacoway*, 544 U.S. 320, 326 (2005), and Cal. Code Civ. Proc. Section 704.115. We disagree. *Rousey* involved exemptions from bankruptcy estates, and the statute Maloney cites concerns exemptions from money judgments, not immunity from equitable liens. Maloney also misreads the District Court's summary judgment order, incorrectly arguing that the order named her as the sole beneficiary of the Trust. The District Court made no such finding. It explicitly noted it made no determinations as to the validity of the Trust's amendments.

Maloney also appeals the District Court's grant of attorneys' fees and costs to Gicana. She contends that because the equitable lien was granted on behalf of the Trust, Gicana did not prevail before the District Court and therefore is not entitled to fees and costs. Again, we disagree. In an ERISA action, the District Court has the discretion to award attorneys' fees and costs to either party. *Elliot v. Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003); 29 U.S.C. § 1132(g)(1). This Court reviews the District Court's award of attorneys' fees and costs for abuse of discretion. *Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1057 (9th

Cir. 2017); *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

To be awarded attorneys' fees, the movant need only show "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In the District Court, Gicana obtained an equitable lien that halted Maloney's violation of the terms of the trust—in particular her misuse of Trust assets for personal benefit. In addition, Maloney was required to furnish an accounting and to return funds improperly taken from the Trust. We agree with the District Court that this relief satisfies the "some degree of success" standard. This Court has required, as a condition of awarding attorneys' fees, that district courts consider the factors outlined in *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). The court below considered each of those factors and determined that, on balance, they supported Gicana's request for attorneys' fees. That analysis was appropriate, and we see no abuse of discretion in either the award of attorneys' fees and costs, or in the amounts granted.

We have considered the remainder of Maloney's arguments and find them to be without merit. Thus, the judgment and orders of the District Court are **AFFIRMED.**