**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA CASTELLUCCI, an individual, | No. 20-55852 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-04580-AB-KS |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted October 6, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit
Judges.

Linda Castellucci appeals from an order dismissing her claims against

JPMorgan Chase Bank ("Chase") relating to Chase's failure to consider her

application for a loan modification. We have jurisdiction pursuant to 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Castellucci has lived at 5740 Kanan Dume Road in Malibu, California, since she and her husband built a home there in 1979. In 2007, Castellucci refinanced and obtained a $3.75 million mortgage loan secured by the property. But for the last eight years, Castellucci has not kept up with her loan payments, and instead she has repeatedly sued Chase, the loan servicer, for claims relating to Chase's purported failure to modify the loan. Castellucci's first lawsuit against Chase, filed in 2016, concluded in a settlement agreement between the parties, under which Chase agreed to modify Castellucci's loan (with a new principal balance of $4.68 million) and provide her a one-time cash payment of $2,500 in exchange for dismissal and release of all claims. But Castellucci apparently failed to make timely payments under the modified loan, and Chase informed Castellucci that the home would be sold at a foreclosure sale in January 2020. To stave off foreclosure, Castellucci brought a second lawsuit in 2019, alleging identical state law claims as in her first lawsuit. The parties resolved this second lawsuit in a second settlement agreement (the "2020 Settlement Agreement"). In this new agreement, Castellucci and her husband acknowledged that they were in default under the modified loan, waived any right to challenge the foreclosure process or pursue further loss mitigation options, and agreed to vacate the property by April 22, 2020. In exchange, Chase agreed to delay the foreclose sale and pay the couple

2

$35,000.  Despite this agreement, Castellucci and her husband did not vacate the property, nor did they stop pursuing alternatives to foreclosure.

Instead, two months after signing the 2020 Settlement Agreement, Castellucci submitted a new application for a loan modification premised on a purported material change in her financial circumstances.[1]  When Chase refused to consider her application, Castellucci filed this third lawsuit, which Chase removed to federal court.  Castellucci asserts claims under California's Homeowner Bill of Rights, Cal. Civ. Code §§ 2923.4 *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, negligence, and financial elder abuse, Cal. Welf. & Inst. Code § 15610.30(a)(1), all stemming from Chase's failure to consider her latest loan modification application.  The district court dismissed all her claims with prejudice, concluding that Castellucci waived her right to pursue a further loan modification by entering into the 2020 Settlement Agreement.

Castellucci contends on appeal that she is not bound by the 2020 Settlement Agreement because Chase failed to perform a condition precedent in the contract— namely, paying her $35,000.  According to Castellucci, payment was required to trigger her obligations under the agreement, including her obligations to vacate the

---

[1] Castellucci claimed that her monthly income had increased from $25,000 to $35,000 and that her cash reserves had increased from approximately $100,000 to $778,000.  She argued that, instead of foreclosing, Chase should reevaluate whether she would qualify for a loan modification in light of her improved financial circumstances.

premises and refrain from seeking further loan modifications. Castellucci also references a provision in the agreement that provides instructions on who to contact in the event that Castellucci or her husband breached the agreement to argue that "it was built into the agreement that Appellant could still seek loss mitigation options."

Reviewing de novo, *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018), we reject Castellucci's strained interpretation of the 2020 Settlement Agreement. Section 4.5 of the Settlement Agreement provides:

> Customer expressly agrees and acknowledges that entering into this Agreement and accepting the Payment is in lieu of any and all loss mitigation options, including, without limitation, home retention, deed in lieu of foreclosure, short sale, or short payoff with respect to the Subject Property and Subject Loan. To the fullest extent permitted by law, Customer foregoes, waives, and releases any and all rights to consideration for loss mitigation or foreclosure alternatives which may otherwise be available either by law or practice, including, without limitation, home retention, deed in lieu of foreclosure, short sale or short payoff with respect to the Subject Property and Subject Loan.

Section 4.6 explained that "[o]n or before April 22, 2020 (the 'Move-out Date'), Customer shall vacate the Subject Property, cause any tenants to vacate the Subject Property, and deliver possession of the Subject Property to Chase[.]" Section 4.3 reaffirmed Chase's right to foreclose, explaining "Customer acknowledges that Chase reserves the right to proceed with foreclosure of the Subject Property. However, Chase will not cause a foreclosure sale of the Subject Property to occur

4

prior to April 22, 2020." Furthermore, Section 4.1 explained that Chase was not obligated to pay Castellucci the $35,000 until she first delivered possession of the property in good condition.

Read in context, Chase's obligation to pay Castellucci was not a condition precedent, and Castellucci's obligations under the agreement were not contingent on her first receiving payment from Chase; to hold otherwise would be to strip Chase of its intended benefit under the contract. *See* Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."). In fact, Castellucci's interpretation gets it backward—Chase's obligation to pay was triggered by Castellucci's performance under the contract, not the other way around. Because, under a proper reading of the 2020 Settlement Agreement, Castellucci waived any right to pursue further loss mitigation— including by submitting additional applications for loan modifications—her claims stemming from the denial of her application necessarily fail.[2]

Furthermore, the district court did not err in denying leave to amend. Castellucci contends that she should have been afforded an opportunity to amend her elder abuse claim by adding allegations that she entered into the 2020

---

[2] Because we affirm dismissal of Castellucci's claims based on the 2020 Settlement Agreement, we need not address the district court's other reasons for denying her claims.

Settlement Agreement under duress. But while assisted by counsel, she represented that she was "fully aware of the terms contained in this Agreement, made any desired changes, and . . . voluntarily and without coercion, duress, or undue influence of any kind, entered into this Agreement." She has not explained how she could amend her claim to add good faith factual allegations that would undermine this provision or would render her duress argument a plausible one. Accordingly, the district court was justified in concluding that leave to amend would have been futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." (citations omitted)).[3]

    **AFFIRMED.**

---

[3] Chase moves for judicial notice of two documents relating to a subsequent lawsuit filed by Castellucci against Chase while this appeal was pending. *See Castellucci v. JPMorgan Chase Bank, N.A.*, No. 2:21-cv-02321, 2021 WL 1575233 (C.D. Cal. Apr. 22, 2021), *appeal docketed*, No. 21-55554 (9th Cir. May 28, 2021). That motion is denied as unnecessary, because those subsequent developments have no bearing on our decision in this appeal. *See Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1055 n.5 (9th Cir. 2017). The district court dismissed that fourth lawsuit with prejudice, and Castellucci has separately appealed that ruling. *See Castellucci*, 2021 WL 1575233.