**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN PAUL MICHA, M.D., an individual, <br><br>        Plaintiff, <br><br>   and <br><br> SUN LIFE ASSURANCE COMPANY OF CANADA, a Delaware corporation, <br><br>        Defendant-Cross-Defendant - Appellant, <br><br>   v. <br><br> GROUP DISABILITY BENEFITS PLAN FOR GYNECOLOGIC ONCOLOGY ASSOCIATES PARTNERS, LLC, a California limited liability company, <br><br>        Defendant-Cross-Claimant - Appellee. | No. 12-55816 <br><br> D.C. No. 3:09-cv-02753-JM-BGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued February 6, 2014 Submitted January 15, 2015
Pasadena, California

---

[*]This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, MURPHY,[**] and BERZON, Circuit Judges.

The district court ordered Sun Life Assurance Company of Canada ("Sun Life") to pay Group Disability Benefits Plan for Gynecologic Oncology Associates Partners, LLC ("Group Disability") $38,216.75 in attorney's fees. 29 U.S.C. § 1132(g)(1). Sun Life appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court affirms.

Group Disability is an employee welfare plan established and maintained to provide disability benefits to employees of Gynecologic Oncology Associates Partners, LLC ("GOA"). Group Disability purchased a disability policy from Sun Life covering GOA's employees, including Dr. John Micha. Micha sought disability benefits from Sun Life. When Sun Life denied the claim, Micha brought suit against Sun Life *and* Group Disability.[1] *See* 29 U.S.C. § 1132(a)(1)(B). In response to Micha's suit, Group Disability filed an answer in

---

[**]The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

[1]This appeal, which arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), is a remnant of discarded precedent. In *Everhart v. Allmerica Financial Life Insurance Co.*, 275 F.3d 751, 756 (9th Cir. 2001), this court held that 29 U.S.C. § 1132(a)(1)(B) "does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as the plan administrator." Instead, under *Everhart*, the ERISA plan was *the* proper defendant in a suit for benefits. *Id.* After the filing of the complaint giving rise to this appeal, this court overruled *Everhart*. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc). Because of this change, the resolution of this case is likely of no practical significance to anyone other than the parties on appeal.

which it conceded each and every meaningful allegation in the complaint and asserted Micha was entitled to disability benefits under the terms of the disability policy issued to it by Sun Life. Group Disability also filed a cross-claim against Sun Life; the cross-claim was labeled as a state-law-based request for declaratory relief. Group Disability asserted Sun Life's wrongful denial of Micha's claim led to the suit against it and, thus, any costs it was forced to expend to participate in the lawsuit should be reimbursed by Sun Life.

When Sun Life settled with Micha, Group Disability sought its legal fees from Sun Life. *See* 29 U.S.C. § 1132(g)(1). Sun Life resisted the fee request, arguing as follows: (1) because Group Disability did not bring an ERISA-based cause of action against it, Group Disability was not entitled to attorney's fees pursuant to § 1132(g)(1); (2) Group Disability did not achieve any success on the merits; and (3) under the multi-factor test set out in *Hummell v. S.E. Rykoff & Co*, 634 F.2d 446, 453 (9th Cir. 1980), Group Disability was not entitled to a fee award. The district court rejected each of these three contentions and awarded fees to Group Disability.

**1.** Sun Life asserts Group Disability does not qualify for an award of attorney's fees under § 1132(g)(1) because it did not bring a separate ERISA-based cross-claim against Sun Life. Sun Life focuses on the following highlighted clauses of the statute: "In any *action under this subchapter* . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a

reasonable attorney's fee and costs of action *to either party*." 29 U.S.C. § 1132(g)(1) (emphasis added).

Sun Life's arguments ignore the fact it and Group Disability were both parties to Micha's underlying ERISA-based suit for benefits. 29 U.S.C. § 1132(a)(1)(B). Although Group Disability was denominated as Sun Life's co-defendant in that suit, it was co-defendant in name only. Group Disability was a mere nominal defendant, named for the sole purpose of rendering Micha's complaint consistent with the now-overruled *Everhart* decision.[2] Thus, Micha's case involved two parties, both technically labeled defendants, that assumed fully adverse litigation positions.

This court has made clear an award of attorney's fees under § 1132(g)(1) may be granted to more than one plaintiff. *See, e.g.*, *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994). Such an award is also proper under the unique facts of this case, i.e., when a district court is faced with a party assuming the same position as the plaintiff, but that party is nominally labeled a defendant solely for the purpose of procedural regularity. *Cf. Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983) (holding, in context of determining existence of diversity jurisdiction, courts are entitled to align the parties according to their interest in the litigation and without regard to labels

---

[2]The record in this case makes clear that Sun Life retained the sole power to award or deny Micha's request for benefits.

-4-

applied to those parties in a complaint).  In this unique case, the district court acted within the bounds of its discretion when it implicitly realigned the parties to reflect their true interests in this litigation and, then, awarded fees to Group Disability as a prevailing plaintiff pursuant to § 1132(g)(1).[3]

**2.**  To be entitled to an award of attorney's fees under § 1132(g)(1), Group Disability must demonstrate "'some degree of success on the merits'" and demonstrate the five *Hummell* factors weigh in its favor.  *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010).  "We review for an abuse of discretion the district court's decision on a motion for attorney's fees."  *Id.*

Having concluded Micha's ERISA suit against defendant Sun Life and nominal-defendant/plaintiff-in-interest Group Disability is the proper vantage from which to review the validity of the district court's fee award, this court easily rejects Sun Life's arguments as to success on the merits.  Sun Life contends that in deciding whether an attorney's fee award was appropriate, the district court was required to focus on the relief Group Disability obtained on its

---

[3]Arguing for a contrary result, Sun Life relies heavily on *Corder v. Howard Johnson & Co.*, 53 F.3d 225 (9th Cir. 1994).  *Corder* does not support Sun Life's position.  *Corder* does not address whether a nominal defendant like Group Disability may be awarded fees as a prevailing plaintiff and expressly notes "a non-enumerated party may be awarded attorney's fees" under § 1132(g)(1) as long as the "the party *initiating* the action was one of the enumerated parties." *Id.* at 229 n.3.

own behalf. At each and every point necessary, Group Disability supported Micha's request for disability benefits as consistent with the insurance contract it purchased from Sun Life. When, in the course of the underlying litigation, the district court informed Sun Life it had serious concerns regarding Sun Life's handling of Micha's claim for disability benefits, Sun Life settled the suit. When it did so, Sun Life fully vindicated Group Disability's interests in the lawsuit.

Nor did the district court abuse its discretion in determining Group Disability's actions in the suit were at least more than minimally responsible for the success of the suit. Although Group Disability did not submit voluminous filings, the district court is in the best position to evaluate how Group Disability contributed to a resolution in Dr. Micha's favor. This case settled after the district court noted serious concerns about the way Sun Life undertook to resolve Dr. Micha's claim for benefits. The court's comments came at the conclusion of a hearing to resolve the scope of the district court's standard of review, an issue briefed by Group Disability. Thus, Group Disability participated in the key aspects of the case that led to a settlement in Dr. Micha's favor.[4]

---

[4]The bulk of Sun Life's arguments as to this issue are more appropriately addressed to the reasonableness of Group Disability's fee request. Sun Life did not, however, appeal the reasonableness of the fee award the district court granted to Group Disability. Instead, it pointedly limited its appeal to the propriety of any award in the first instance. Thus, any challenge to the reasonableness of the amount of the fee award is waived.

**3.** Finally, Sun Life asserts the district court erred in applying the *Hummell* factors to Micha's suit, rather than to Group Disability's state-based claim against Sun Life.  This issue is logically indistinct from Sun Life's assertion it was improper for the district court to base a fee award to Group Disability on Micha's original suit against Sun Life and Group Disability.  That is, having determined the district court was correct to base a fee award to Group Disability on Micha's underlying ERISA suit, rather than Group Disability's state-law cross-claim, it was likewise correct when it applied the *Hummell* factors to the suit upon which the fee award was based.

The district court's award of attorney's fees to Group Disability is hereby **affirmed**.