**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PAUL MICHA, M.D., an individual<br>*Plaintiff*,<br><br>v.<br><br>SUN LIFE ASSURANCE OF CANADA, INC., a Delaware corporation,<br>*Defendant/Cross-Defendant/Appellee*,<br><br>GROUP DISABILITY BENEFITS PLAN FOR GYNECOLOGIC ONCOLOGY ASSOCIATES PARTNERS, LLC, a California limited liability company,<br>*Defendant/Cross-Claimant/Appellant*. | No. 16-55053<br><br>D.C. No.<br>3:09-cv-02753-JM-BGS<br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted August 22, 2016*

Filed October 31, 2017

---

\* The previous panel from No. 12-55816, *Micha v. Group Disability Benefits Plan*, retained jurisdiction of this appeal.

Before: Michael R. Murphy,** Kim M. Wardlaw,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Murphy;
Concurrence by Judge Berzon

## SUMMARY***

### ERISA / Attorney's Fees

The panel reversed the district court's denial of appellate attorney's fees under 29 U.S.C. § 1132(g)(1) and remanded for calculation of a reasonable award of fees and costs in an ERISA case.

The panel held that in analyzing a party's request for appellate attorney's fees under the *Hummell* test, a court must consider the entire course of the litigation, rather than focusing exclusively on the prior appeal. Weighing the five *Hummell* factors in light of all of a defendant's conduct, from its wrongful denial of the plaintiff's claim for ERISA benefits to its filing of a petition for a writ of certiorari, the panel held that the moving party was entitled to attorney's fees for the prior appeal, in which the panel had affirmed an award of litigation attorney's fees. The panel declined to consider the issue, not raised before the district court, whether fees-on-

---

** The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

fees should be automatically awarded, without application of the *Hummell* test.

Concurring, Judge Berzon wrote that, were the panel reaching the issue, she would hold that attorney's fees should be awarded automatically on appeal to a party that successfully defends the fees it was awarded at the district court, in ERISA cases as in others.

---

## COUNSEL

Marc S. Schechter and Corey F. Schechter, Butterfield Schechter LLP, San Diego, California, for Defendant/Cross-Claimant/Appellant.

Michael B. Bernacchi and Keiko J. Kojima, Burke Williams & Sorensen LLP, Los Angeles, California, for Defendant/Cross-Defendant/Appellee.

## OPINION

MURPHY, Circuit Judge:

## I.  INTRODUCTION

This court generally employs the five-part test set out in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), to determine the appropriateness of awarding or denying a 29 U.S.C. § 1132(g)(1) ERISA-based request for appellate attorney's fees.[1]  *See Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 752 (9th Cir. 1994); *Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1356–57 (9th Cir. 1990).  The question presented here is whether in analyzing a party's request for appellate attorney's fees within the *Hummell* rubric, a court must consider the entire course of the litigation.  The decision in *Sokol v. Bernstein*, 812 F.2d 559, 561 (9th Cir. 1987), compels an affirmative answer to that question.  Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **REVERSES** the district court's denial of appellate attorney's fees and **REMANDS** the matter to the district court for calculation of a reasonable award of fees and costs.

## II. BACKGROUND

In *Micha v. Group Disability Benefits Plan*, we affirmed a § 1132(g)(1) award of litigation attorney's fees in favor of

---

[1] We specifically emphasize the qualifier "generally."  As set out *infra*, there may well exist exceptions to the rigid applicability of the *Hummell* test.  For reasons that will soon become apparent, however, this is not the appropriate case to explore the existence of any such exceptions.

Group Disability Benefits Plan ("Group Disability") for Gynecologic Oncology Associates Partners, LLC ("GOA"). 597 F. App'x 905, 906–08 (9th Cir. 2014). *Micha* concluded (1) Group Disability achieved "some success on the merits"[2] and (2) the district court did not abuse its discretion in concluding the five *Hummell* factors weighed in Group Disability's favor. *Id.* at 907 (quotations omitted). *Micha* specifically recognized that

> [w]hen, in the course of the underlying litigation, the district court informed [Sun Life Assurance Company ("Sun Life")] it had serious concerns regarding Sun Life's handling of [Dr. John] Micha's claim for disability benefits, Sun Life settled the suit. When it did so, Sun Life fully vindicated Group Disability's interests in the lawsuit.

*Id.*[3]

---

[2] *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244–45 (2010) (holding a party need not "prevail[]" to obtain a fee award under § 1132(g)(1); instead, a court has discretion to grant such an award as long as the party "has achieved some degree of success on the merits" (quotations omitted)).

[3] The district court in the underlying benefits dispute between Micha and Group Disability, on one side, and Sun Life, on the other side, concluded there was "ample evidence" Sun Life engaged in misconduct in denying Micha's disability claim:

> Plaintiff's central complaint appears to be that Sun Life engaged in a pattern of conduct designed to permit the company to avoid learning certain details about Plaintiff's condition that would require it to find him

*Micha* emphasized that the fee award in Group Disability's favor was a "remnant of discarded precedent" and noted that because of a significant, intervening change in this court's case law, our unpublished disposition was "likely of no practical significance to anyone other than the parties on appeal." *Id.* at 906 n.1.[4]  Sun Life filed a Petition for a

---

> disabled under the policy.  Indeed, a review of the record finds ample evidence to support this contention.

EOR at 254.  In response to the district court's conclusion as to misconduct on the part of Sun Life, Sun Life settled with Micha and granted him disability benefits.  Thereafter, in granting Group Disability's request for litigation attorney's fees, the district court specifically found Sun Life acted in bad faith in denying Micha disability benefits.  EOR at 331 ("While this case did not reach trial, the court made several findings in its Order Regarding Motions to Determine Scope of Review . . . indicating Sun Life's bad faith in assessing Micha's claims.").  Based on its finding Sun Life acted in bad faith, the district court concluded "the first and fifth *Hummell* factors weigh in favor of awarding [litigation attorney's] fees to" Group Disability.  *Id.*

[4] As explained in *Micha*,

> Group Disability is an employee welfare plan . . . maintained to provide disability benefits to [GOA] employees . . . .  Group Disability purchased a disability policy from Sun Life covering GOA's employees, including Dr. John Micha.  Micha sought disability benefits from Sun Life.  When Sun Life denied the claim, Micha brought suit against Sun Life *and* Group Disability.  *See* 29 U.S.C. § 1132(a)(1)(B).

597 F. App'x at 906 (footnote omitted) (emphasis in original).  The rule requiring Micha to sue Group Disability to obtain benefits from Sun Life was eventually abandoned by this court sitting en banc:

> In *Everhart v. Allmerica Financial Life Insurance Co.*, 275 F.3d 751, 756 (9th Cir. 2001), this court held that

Writ of Certiorari, asserting the unpublished disposition in *Micha* would have wide-ranging repercussions.**[5]** *But see id.* Sun Life's petition for certiorari claimed *Micha* would (1) increase litigation over fee awards and (2) expand the class of individuals entitled to an award of attorney's fees, not only with regard to ERISA but also through "similar attorney's fees claims being filed in federal courts outside of the ERISA context." Group Disability filed an opposition to the petition and the Supreme Court denied Sun Life's request for certiorari. 135 S. Ct. 2894 (2015).

Seeking a § 1132(g)(1) award of appellate attorney's fees for prevailing in *Micha*, Group Disability filed a Motion to Transfer Consideration of Attorney Fees on Appeal to the District Court for Determination. *See* Ninth Cir. R. 39-1.8 ("Any party who is or may be eligible for attorneys fees on appeal to this Court may . . . file a motion to transfer

> 29 U.S.C. § 1132(a)(1)(B) "does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as the plan administrator." Instead, under *Everhart*, the ERISA plan was *the* proper defendant in a suit for benefits. *Id.* After the filing of the complaint giving rise to this appeal, this court overruled *Everhart*. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc).

*Id.* at 906 n.1 (emphasis in original).

**[5]** We **GRANT** Group Disability's Motion to Take Judicial Notice as to Exhibits 1 and 2. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (citation omitted)). We **DENY** the motion as to Exhibit 3 because those documents are unnecessary to the disposition of this appeal. Sun Life's Request for Judicial Notice is **DENIED** because it is unnecessary to take notice of documents contained in this court's docket.

consideration of attorneys fees on appeal to the district court . . . from which the appeal was taken."). The panel granted the motion and before the district court Group Disability asked that its request for appellate attorney's fees be resolved with the five-factor test set out in *Hummell*.[6] The district court concluded that despite having achieved some success on the merits by prevailing on appeal, Group Disability was not entitled to appellate attorney's fees under the *Hummell* factors. The district court reasoned as follows: (1) Sun Life did not act in bad faith or with culpability as to the prior appeal because that appeal presented a novel issue (i.e., whether a nominal defendant could recover from a co-defendant based on the success of the plaintiff's case); (2) Sun Life's ability to pay an award was uncontested, but not determinative; (3) an award of fees would not deter future misconduct because (a) the prior appeal was not taken in bad faith and (b) *Micha* made clear the "facts of this case are unlikely to be repeated"; (4) the fourth factor, whether litigation provided a benefit to all plan participants or resolved a novel legal issue, was not implicated by Group Disability's fee request; and (5) the relative merits of the parties' positions on appeal favored Group Disability, but

---

[6] The five *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

634 F.2d at 453.

only slightly because Sun Life's prior appeal "was predicated upon fairly debatable legal arguments involving a novel ERISA issue." As should be clear from this recitation of the district court's reasoning, in analyzing the *Hummell* factors, the district court focused exclusively on Sun Life's actions and arguments on appeal in *Micha* and refused to consider Sun Life's conduct in the underlying suit Micha brought for disability benefits.

## III.   ANALYSIS

### A.  Forfeited Bases to Reverse the District Court

### 1.  Automatic-Entitlement Rule

Group Disability asserts we should adopt the Seventh Circuit's automatic-entitlement rule and, on that basis, reverse the district court's denial of appellate attorney's fees. *See Bandak v. Eli Lilly & Co. Ret. Plan*, 587 F.3d 798, 803 (7th Cir. 2009) ("[A]ffirmance entitles an appellee who has properly been awarded an attorney's fee in the district court to an attorney's fee for successfully defending the district court's judgment in the court of appeals. Otherwise the purpose of the initial award—to shift the cost of litigation to the losing party—would be imperfectly achieved." (quoting *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 672 (7th Cir. 2007))). We decline to consider this issue because it was never raised in the district court. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).[7]

---

[7] It is, therefore, unnecessary to decide whether extant Ninth Circuit precedent would prevent the adoption of an automatic-entitlement rule. In *Credit Managers Association of Southern California*, this court held that "[i]n considering whether to award appellate fees under 29 U.S.C.

## 2.  Prevailing-Party Presumption

Group Disability claims the district court erred when it failed to apply a prevailing-party presumption in resolving its entitlement to appellate attorney's fees.  *See United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008) ("[A]s a general rule, the prevailing party on an ERISA claim is entitled to attorney's fees, unless special circumstances would render such an award unjust." (quotation omitted)). This issue was raised for the first time in Group Disability's motion for reconsideration.  Citing this court's precedents, the district court refused to consider the issue.  *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration "may not be used to raise arguments or present evidence for first time when they could reasonably have been raised earlier in the litigation").  We review for abuse of discretion the denial of a motion for reconsideration.  *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).  We perceive no

---

§ 1132(g), we must consider the five *Hummell* factors."  25 F.3d 743, 752 (9th Cir. 1994); *see also Operating Eng'rs*, 911 F.2d at 1356–57 (same). There is a key distinction between those cases and this appeal.  In both *Credit Managers* and *Operating Engineers* this court was deciding whether to grant appellate fees in appeals that presented ERISA merits issues.  This case, on the other hand, is the type of fees-on-fees case that gave rise to the automatic-entitlement rule.  The sole question before the district court here was whether Group Disability was entitled to appellate attorney's fees for achieving some degree of success on the merits in an appeal where the only issue was the appropriateness of a district court's award of litigation attorney's fees.  Whether that distinction is meaningful enough to allow a panel of this court to adopt the automatic-entitlement rule without superseding involvement of the en banc court is a matter we leave for an appeal where the issue is properly raised and litigated in the district court.

abuse of discretion in the district court's refusal to consider an issue that could reasonably have been raised in Group Disability's original motion for appellate attorney's fees.[8]

## B.  *Hummell*'s Multi-Factor Test

Group Disability asserts the district court's analysis of the *Hummell* factors is infected with legal error and its denial of appellate attorney's fees is manifestly unreasonable.  In particular, Group Disability asserts the district court's refusal to consider Sun Life's pre-appeal conduct improperly skewed its analysis of the *Hummell* factors in favor of Sun Life.  An award of attorney's fees is reviewed for abuse of discretion, though "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*."  *Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011) (quotation omitted).  Thus, in reviewing a district court's denial of ERISA attorney's fees, this court must reverse if the district court used incorrect legal standards to reach its findings.  *Hope v. Int'l Bhd. of Elec. Workers*, 785 F.2d 826, 831 (9th Cir. 1986).  Furthermore, this court will reverse a denial of fees if "it has a definite and firm conviction that the district court committed a clear error of judgment."  *United States v. Tucor Int'l, Inc.*, 238 F.3d 1171, 1175 (9th Cir. 2001).

The district court erred when it refused to consider the full course of the litigation, specifically including Sun Life's pre-appeal conduct, in applying the *Hummell* factors to Group

---

[8] It is, therefore, unnecessary to address whether the prevailing-party presumption set out in *United Steelworkers* survived the Supreme Court's decision in *Hardt*, 560 U.S. at 244–45.

Disability's request for appellate attorney's fees.[9]  *See Sokol*, 812 F.2d at 561 ("First, the district court found that Bernstein had acted arbitrarily and capriciously and, thus, this appeal would not have arisen had it not been for his initial bad faith in handling the pension.").[10]  Weighing the five *Hummell*

---

[9] The district court refused to consider Sun Life's pre-appeal conduct in weighing the *Hummell* factors because Group Disability purportedly did not raise the issue in its original request for fees.  The district court's procedural ruling as to waiver of the issue is erroneous.  In asserting an entitlement to appellate attorney's fees, Group Disability specifically noted it achieved some success on the merits when it participated in and supported Micha's attempt to obtain disability benefits from Sun Life.  Group Disability claimed that but for Sun Life's bad faith in denying Micha's benefits claim, it never would have "became a victim to the lawsuit."  The only fair reading of Group Disability's request for appellate fees is that Group Disability was asking that the district court keep the basis for Group Disability's success firmly in mind as it moved though the *Hummell* analysis.

[10] In its order denying fees, the district court stated that "[w]here an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, courts in the Ninth Circuit review whether the appellant pursued the appeal in bad faith and not whether the appellant's conduct, which resulted in the original litigation, warrants a finding of bad faith or culpability."  None of the three cases the district court cited, however, support that proposition.  Two of the cases, *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 414 (9th Cir. 1994) and *Operating Engineers*, 911 F.2d at 1357, involved ERISA beneficiaries, who, unlike the plans at issue here, are rarely charged attorney's fees.  *See Operating Eng'rs*, 911 F.2d at 1357 (noting that "the *Hummell* considerations very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs"); *Flanagan v. Inland Empire Elec. Workers Pension Plan & Tr.*, 3 F.3d 1246, 1253 (9th Cir. 1993) ("[O]ur common perception [is] that attorney's fees should not be charged against ERISA plaintiffs.").  And in both *DeVoll and Operating Engineers*, unlike here, there is no indication the ERISA beneficiaries acted in bad faith or were culpable at any point in the litigation, undermining any inference that the opinions' silence about pre-appeal conduct indicated such consideration was barred.

factors in light of all of Sun Life's conduct, from its wrongful denial of Micha's claim to its filing of a petition for a writ of certiorari, it is clear Group Disability is entitled to appellate attorney's fees.

### 1.  Degree of Culpability or Bad Faith

This factor strongly favors an award of appellate fees and costs to Group Disability.  Group Disability was forced into this litigation only after Sun Life wrongfully denied disability benefits to Micha.  *See supra* note 3.  Although denominated as a "defendant" under this court's then-prevailing *Everhart* decision, *Micha* concluded Group Disability was, in reality, a co-plaintiff fully supportive of Micha's request for ERISA benefits.  597 F. App'x at 907.  *Sokol* requires that courts weighing the first *Hummell* factor consider any pre-appeal bad faith or culpability on the part of the non-claiming party.

---

In the third case, *Misic v. Building Service Employees Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986), the discussion of appellate attorney's fees is so limited, it simply cannot be said the case bears meaningfully on the issue at hand.  It is clear, however, that both parties in *Misic* prevailed in significant part, casting doubt on the notion that either party's litigation position in the district court amounted to culpable behavior.  *Id.*

The district court, in denying reconsideration of its denial of fees, contorted its reliance on those three cases, stating they demonstrated merely "that courts in the Ninth Circuit may properly consider appeal conduct under the *Hummell* factors," but did not preclude consideration of pre-appeal conduct, which it said could be, but did not have to be, considered.  Even were the district court's depiction of Ninth Circuit law accurate, its order is silent on why it relied on three distinguishable cases to ignore Sun Life's bad faith rather than *Sokol*, which is directly analogous to this case and, as we hold today, mandates consideration of any pre-appeal bad faith conduct.

812 F.2d at 561.  This rule prevents a party from insulating itself from an award of appellate fees by merely identifying an issue whose resolution is "sufficiently uncertain to have justified [the party against which an award of litigation fees has been entered] in seeking appellate review."  *Sullivan*, 504 F.3d at 672.  A party like Sun Life should not be able to appeal from a litigation fee award, even on an issue justifying appellate review, and thereby impose significant costs on the appellee in defending the fee award, while taking comfort in the knowledge that any potential appellate fee award against it will be judged solely on the basis of its appellate arguments on the fee issue.  *Id.*

Furthermore, as this court's memorandum disposition in *Micha* made clear, the underlying fee appeal was a dead-ender, with no legal significance to anybody but the parties. 597 F. App'x at 906 n.1.  Nevertheless, Sun Life vigorously litigated the matter on appeal, going so far as to dubiously assert in a petition for certiorari that the memorandum disposition in *Micha* would have exceedingly far-reaching implications for awards under various types of fee-shifting statutes.  The first *Hummell* factor weighs heavily in favor of an award of appellate attorney's fees to Group Disability.

## 2.  Ability to Pay

As noted by the district court, Sun Life does not dispute its ability to satisfy a fee award.  At no point in its analysis, however, did the district court indicate what weight, if any, it assigned to this factor.  This court's precedents indicate that, at least as to a suit involving an ERISA beneficiary as a plaintiff, a defendant-appellant's ability to pay should weigh strongly in favor of an award of fees.  *See Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984).

Although Group Disability is not technically an ERISA beneficiary, this *Hummell* factor still weighs in favor of an award of fees.  In affirming the district court's original award of litigation fees in favor of Group Disability, *Micha* held as follows:

> Having concluded Micha's ERISA suit against defendant Sun Life and nominal-defendant/plaintiff-in-interest Group Disability is the proper vantage from which to review the validity of the district court's fee award, this court easily rejects Sun Life's arguments as to success on the merits.  Sun Life contends that in deciding whether an attorney's fee award was appropriate, the district court was required to focus on the relief Group Disability obtained on its own behalf.  At each and every point necessary, Group Disability supported Micha's request for disability benefits as consistent with the insurance contract it purchased from Sun Life.  When, in the course of the underlying litigation, the district court informed Sun Life it had serious concerns regarding Sun Life's handling of Micha's claim for disability benefits, Sun Life settled the suit.  When it did so, Sun Life fully vindicated Group Disability's interests in the lawsuit.

597 F. App'x at 907.  According to *Micha*, Group Disability's interests were identical to, and fully aligned with, Micha's interests in obtaining a proper award of disability benefits.  That identity-of-interest did not disappear when Sun Life appealed the fee award in favor of Group Disability.  Sun Life

has offered no reason to conclude that identity-of-interest disappeared when analyzing whether the *Hummell* factors weigh in favor of an award of appellate fees to Group Disability. That being the case, the rule of law set out in *Smith* weighs in favor of an award of fees in this particular case.

### 3. Deterrence

The district court concluded the deterrence factor weighed against an award of fees because: (1) the original fee award sufficiently deterred insurance companies from denying legitimate claims; (2) Sun Life did not act in bad faith in bringing its appeal because the issue raised was novel; and (3) the fact the case only arose under the now-rejected *Everhart* decision, a situation that would not likely repeat, meant an award of fees would have no deterrent value. The district court's conclusion in this regard is manifestly unreasonable. First, an award of litigation fees and costs is not particularly meaningful when a defendant can force the expenditure of significant fees on appeal to defend that award. Thus, a proper award of litigation fees that is not backed up by an award of appellate fees is generally not a sufficient deterrent to wrongful conduct on the part of an ERISA defendant. Second, the district court's consideration of bad faith is legally suspect because the district court refused to consider Sun Life's pre-appeal conduct which, as discussed above, involved bad faith. *See supra* note 3. Finally, the district court's third consideration (i.e., that the relative unimportance of the decision in *Micha* limits the deterrent effect of any appellate fee award) is arguably inconsistent with the district court's determination that Sun Life's appellate conduct was taken in good faith because the issue on appeal was novel. That is, the undeniable fact that

the district court's original award of attorney's fees was entirely a product of the now-discarded *Everhart* decision makes Sun Life's vigorous appellate advocacy, exemplified by its petition for certiorari, all the harder to understand and all the more susceptible to the deterrent effect of an award of appellate fees.  The district court abused its discretion in concluding this factor weighed against an award of fees.  Instead, an award of appellate fees in the circumstances present in this appeal would have a significant deterrent effect as to the bringing of marginal appeals after a misconduct-based denial of ERISA benefits, *see supra* note 3, led to an award of litigation fees and costs.

### 4.  Significance of Legal Issue/Benefit to All Plan Participants

*Micha* held that the resolution of Sun Life's appeal had no practical significance to anybody but the parties on appeal.  597 F. App'x at 906 n.1.  Because Sun Life vigorously pursued an appeal with limited practical significance all the way through a petition for a writ of certiorari, this factor weighs in favor of an award of fees to Group Disability.[11]

---

[11] In concluding this factor did not weigh in favor of an award of fees, the district court stated as follows: "Group Disability admits that this factor does not weigh in favor of an award of fees.  Instead, Group Disability argues that this factor is largely inapplicable in an individual dispute and should therefore be deemed inapplicable here."  The district court's decision is based upon a misreading of the record.  In its request for fees, Group Disability specifically argued that because the litigation fee award was well grounded in law and equity, Sun Life's appeal from that award did not present a significant legal issue.  It is certainly true that in its reply in support of an award of fees, Group Disability conceded that the other portion of this factor, benefit to others, was irrelevant.  Notably, however, there is nothing in Group Disability's reply withdrawing its previous argument that because Sun Life's appeal did not present a

### 5. Relative Merits of the Parties' Positions

Given that Group Disability prevailed on every matter at issue in *Micha*, the district court correctly concluded this factor favored an award of fees because Group Disability prevailed on appeal.

Properly viewed, each of the *Hummell* factors weighs in favor of an appellate fee award to Group Disability. The district court's contrary conclusion and denial of an award of appellate attorney's fees amounts to an abuse of discretion.

## IV.  CONCLUSION

For those reasons set out above, the district court's denial of Group Disability's motion for appellate attorney's fees and costs is **REVERSED** and the matter is **REMANDED** to the district court for the calculation of a reasonable award of fees and costs.

---

significant legal issue, this factor still favored an award of fees. Thus, the district court erred in concluding Group Disability conceded the inapplicability of this entire factor, instead of conceding the inapplicability of the benefit-to-other-participants portion of the fourth *Hummell* factor.

BERZON, Circuit Judge, concurring:

I concur in the opinion with the following observations:

Were we reaching the issue,[1] I would hold that both Supreme Court precedent and our own case law compel the conclusion that ERISA § 502(g)(1) fees should be awarded on appeal to a party that successfully defends the fees it was awarded at the district court.  Put another way, "fees-on-fees" should be nigh unto automatic, in ERISA cases as in others. We should not troop through the *Hummell* factors, *see Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), with regard to the fees appeal—even though, as the opinion in this case illustrates, the result of doing so properly is likely another fee award.

The case law on fee-shifting statutes is well-settled.  *See, e.g.*, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–63 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 408–09 (1990).  "[C]ourts have uniformly held that time spent establishing the entitlement to and amount of the fee is compensable under federal fee-shifting provisions . . . ." *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 629 (9th Cir. 2017).  We have applied this principle in

---

[1] As the main opinion notes, Group Disability affirmatively invited use of the *Hummell* factors in analyzing fees for the fees appeal, arguing exclusively on that basis to the district court.  *See* Op. at 7–9.  Only on appeal did Group Disability assert that appellate fees are nearly always available for the successful defense of a fee award.  We have discretion to "consider an issue raised for the first time on appeal if the issue presented is purely one of law and the opposing party will suffer no prejudice as a result."  *United States v. Valdez-Novoa*, 780 F.3d 906, 914 (9th Cir. 2015) (internal quotation marks omitted).  The majority has opted not to exercise that discretion here.  *See* Op. at 9.  I accede to that decision.

numerous contexts.  *See, e.g.*, *id.* (fees under 28 U.S.C. § 1927); *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 462 (9th Cir. 2010) (fees following dismissal of an involuntary bankruptcy petition); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978, 981 (9th Cir. 2008) (fees under the Fair Debt Collection Practices Act); *see also Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 693 (9th Cir. 1991) (common-law fee-shifting).

The underlying logic is that unless securing a fee entitlement on appeal is cost-free to the party awarded fees on the merits, the initial fee award will be effectively reduced or eliminated, fundamentally undermining the purposes of the fee-shifting provision.  *See Bandak v. Eli Lilly & Co. Ret. Plan*, 587 F.3d 798, 803 (7th Cir. 2009); *Camacho*, 523 F.3d at 981.  These purposes include creating an incentive for attorneys to provide representation in cases where counsel might otherwise be difficult to obtain, or where it is particularly important that the represented party obtain the full monetary amount due, without having to expend an additional sum to secure it.  *See, e.g.*, *Jean*, 496 U.S. at 164 ("If the Government could impose the cost of fee litigation on prevailing parties . . . , the financial deterrent that the EAJA aims to eliminate would be resurrected."); *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 724–25 (6th Cir. 2016) ("[D]iluting the overall fee award by failing to provide fully compensatory fees for fees undermines the congressional intent behind [§ 1988], which is to encourage the private prosecution of civil rights suits through the transfer of the costs of litigation to those who infringe upon basic civil rights." (internal quotation marks omitted)).  In such cases, if fee-shifting is to mean anything, it must mean that the prevailing party actually *obtains* the benefit of its fee award, rather than depleting or exhausting it in the inevitable follow-

on litigation.  Moreover, if the party prevailing as to fees will not get its full fees for defending the award, the opposing party has leverage to force a discount to the fee award in settlement, *without* pursuing an appeal and expending its own attorneys' fees to do so.  *Husted*, 831 F.3d at 724.

There is no doubt that the ERISA fees provision at issue here, 29 U.S.C. § 1132(g)(1), is a fee-shifting provision of the sort covered by these precedents.  The ERISA fees provision contemplates that a court may award reasonable fees and costs "[i]n any *action . . .* by a participant, beneficiary, or fiduciary."  *Id.* (emphasis added).  A plain reading of this language makes clear that Congress intended the fee-shifting provision to apply to the "action" as a whole, rather than to discrete aspects of it.  Nor does anything in the statute suggest that the fee award qualifies as damages or operates as a sanction; where the fees are part of a damages or sanction award, the party who wins the fee award is not entitled to fees incurred in defending it on appeal.  *Sunbelt*, 608 F.3d at 464 ("The distinction . . . is between those statutes which permit recovery of attorney's fees as damages, and which are therefore consistent with the American Rule, and those which permit the recovery of attorney's fees *qua* attorney's fees and therefore create an exception to the American Rule." (citations and internal quotation marks omitted)); *Blixseth*, 854 F.3d at 629 ("[T]he Supreme Court [has] distinguished fee-shifting provisions, where eligibility turns on the merits or outcome of the litigation and costs are shifted for the litigation as a whole, from sanctions statutes like the former version of Rule 11, where eligibility turned on whether a specific pleading was well-founded and costs are shifted only for a discrete portion of the litigation.").

Moreover, the Supreme Court has referred to § 1132(g)(1) as a "fee-shifting" provision and as a "statutory deviation[] from the American Rule." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253–54 (2010).  And the standard for ERISA fees under *Hardt* focuses on the action as a whole, not on success on any individual component of the action.  "A claimant does not satisfy th[e] requirement [of achieving some success on the merits] by achieving trivial success . . . or a purely procedural victory, but does satisfy it if the court can fairly call the outcome *of the litigation* some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue."  *Id.* at 255 (emphasis added) (alterations and internal quotation marks omitted).[2]

The opinion in this case gets halfway to an "automatic entitlement rule" by concluding that the district court was required to consider the entire litigation under its second *Hummell* analysis.  As long as the second *Hummell* analysis[3]

---

[2] *Baker Botts L.L.P. v. ASARCO, LLC*, 135 S. Ct. 2158, 2164–66 (2015), does not support a contrary conclusion.  *Baker Botts* held that the statute at issue in that case—§ 330(a)(1) of the Bankruptcy Code—was *not* a fee-shifting statute that displaced the ordinary American Rule.  *Id.* Section 330 authorizes a court to award "reasonable compensation for actual, necessary services rendered," 11 U.S.C. § 330(a)(1)(A), a phrase the Supreme Court held "neither specifically nor explicitly authorizes courts to shift the costs of adversarial litigation from one side to the other."  *Baker Botts*, 135 S. Ct. at 2165.  Consequently, the Court held, there was no basis to conclude that fees-on-fees were *allowed* under § 330. Here, by contrast, there is no question that the provision at issue *is* a fee-shifting provision, for which fees incurred on appeal are allowed.

[3] Or the third *Hummell* analysis.  Or the fourth.  Among the problems with repeating the *Hummell* analysis with every fee request is that it forces parties back to court to adjudicate fees from prior litigation adjudicating

accounts for everything that preceded it, a party's fee entitlement isn't likely to change from one stage of litigation to the next. The reasons for upholding fees from the district court will apply equally to granting them for the appeal. The result is, in effect, something close to the ordinary fees-on-fees approach this court has applied in other fee-shifting contexts.

But if the effect is largely the same, refusing to adopt the ordinary approach is all the more difficult to justify. As noted, the ERISA fees provision, 29 U.S.C. § 1132(g)(1), is not meaningfully different from any other fee-shifting provision controlled by *Jean*. *See Bandak*, 587 F.3d at 802–03. Of course, we do require a *Hummell* analysis before ERISA fees will be awarded. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). But nothing in *Simonia* requires that the *Hummell* analysis be performed more than once, or separately at the fees-on-fees stage.

The *amount* of a fee award may be determined separately at the fees-on-fees stage, with the filing of a new fee application. *See Jean*, 496 U.S. at 163 ("[N]o award of fees is 'automatic.' . . . Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount."). But as *Jean* also stresses, the *entitlement* to fees-on-fees and the *amount* of such fees are distinct questions. *Id.* at 161–63; *see also*

---

fees. The Supreme Court has disapproved of this sort of "Kafkaesque judicial nightmare of infinite litigation to recover fees for the last round of litigation over fees." *Jean*, 496 U.S. at 163 (internal quotation marks omitted).

*Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). Under a fee-shifting statute, the threshold entitlement question is answered only once.

As the opinion notes, this court has previously conducted a separate *Hummell* analysis for fees awarded on an ERISA *merits* appeal. *Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1356 (9th Cir. 1990); *see also* Op. at 9–10 n.7.[4]  We could, however, limit *Operating Engineers* to its procedural posture, and distinguish it from fees-on-fees disputes such as Micha's, where the logic underpinning the automatic entitlement rule is particularly compelling.[5]  *See Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014).

---

[4] I am less confident than the majority that *Credit Managers* can be described as a merits appeal.  *See Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Acc. Ins. Co.*, 25 F.3d 743, 746 (9th Cir. 1994).  But even as a fees-on-fees case, *Credit Managers* does not preclude an automatic entitlement here.  *Credit Managers* assumed *Hummell* governed, without considering any possible fees-on-fees distinction.  *Id.* at 752.  It is therefore nonprecedential on that point.  *See Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions." (citation omitted)); *Estate of Magnin v. C.I.R.*, 184 F.3d 1074, 1077 (9th Cir. 1999) ("When a case assumes a point without discussion, the case does not bind future panels.").

[5] Because *Jean* requires a single fee entitlement decision under fee-shifting statutes such as this, the approach taken in *Operating Engineers*—a separate entitlement analysis for defending a merits victory on appeal—is almost certainly wrong.  But as the present case concerns only fees for a fees appeal, *Operating Engineers* has no direct application.  Moreover, like *Credit Managers*, *Operating Engineers* assumes, without explanation, that *Hummell* applies a second time to appellate fees, and so likely does not bind future panels.  *Operating Engineers*, 911 F.2d at 1356–57; *Estate of Magnin*, 184 F.3d at 1077.

In sum, had the automatic entitlement issue been raised at the district court, I would have taken this opportunity to make clear that parties who seek fees on a successful ERISA *fees* appeal are not required to prove their entitlement to fees a second time. As the issue was not raised in the district court, and as the majority has opted not to exercise its discretion to decide a new issue raised for the first time on appeal, I concur in the opinion.